64   447
135  564

# Stern's Appeal.

1. A plaintiff issued a fi. fa., an alias and a pluries, on each of which he directed the sheriff "not to do anything until further orders." The pluries being in the sheriff's hands without a levy, the plaintiff on Sunday directed the sheriff to proceed; he declined ; on Monday when about to levy, an execution by another plaintiff came to his hands. *Held*, that this execution had priority.

2. The direction on Sunday was a nullity ; the sheriff was not bound to receive or notice such an order on that day.

3. The Act of 1705, § 4 (Sunday), forbids the sheriff to keep his office open on Sunday to receive directions as to his official duties.

4. Judicial business in civil cases on Sunday is violative of the rule of the common law and our statutes.

March 15th 1870. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ. READ, J., at Nisi Prius.

Appeal from the decree of the Court of Common Pleas of *Luzerne county*: To January Term 1870: In the matter of the distribution of the proceeds of sheriff's sale of the personal property of Abraham Lorentz.

The fund for distribution amounted to $548.60, of which, after payment of costs and expenses of audit, $104 were appropriated by the auditor, H. W. Palmer, Esq., without objection, to the payment of rent due by the defendant, leaving a balance of $352.59 to be appropriated to the execution-creditor entitled.

Jacob Stern recovered a judgment against Lorentz for $2000. On the 29th of June 1868, he issued a fi. fa. on this judgment, and directed the sheriff "not to do anything with the writ until further orders." No levy was made on this writ and it was returned, stayed by order of the plaintiff's attorney. An alias fi. fa. was issued to the next term on the same judgment and the same orders were given. This writ also was stayed without a levy. On the 9th of November 1868, a pluries fi. fa. was issued to the next term ; the same order was given as to this writ ; in consequence of this instruction no levy was made. On Sunday, the 6th of December, the plaintiff requested the sheriff to proceed at once to levy on the defendant's goods, saying that he was afraid the defendant contemplated moving them. The sheriff declined to act on Sunday, promising to execute the writ on Monday. Before executing the writ on Monday, a fi. fa. on a judgment in favor of Herz Lowenstein was placed in his hands, and a levy made under both writs.

The auditor found that " Stern's writs were not issued for the purpose of levying and selling the defendant's goods, but for some other purpose known only to him. * * * I am satisfied in this case that it was not the bonâ fide intention of Stern to sell the goods of Mr. Lorentz, but that his execution was issued for other purposes, and that it must be postponed to that of Herz Lowenstein, which was legally issued and duly prosecuted." The auditor awarded the balance of the fund to Lowenstein.

Stern excepted to the auditor's report. The court confirmed the report ; for the reasons given by the auditor, and also because the order to proceed, having been given on Sunday, was of no validity.

Stern appealed, assigning the decree of confirmation for error.

*G. Hahn* and *S. Woodward*, for appellant.—Even if the first

two writs were to hinder and delay, this would not affect the third which was duly prosecuted : Emerson v. Smith, 1 P. F. Smith 94 ; Freeburger's Appeal, 4 Wright 246 ; Corlies v. Stanbridge, 5 Rawle 287 ; Commonwealth v. Stremback, 3 Id. 343 ; Hickman v. Caldwell, 4 Id. 381 ; Pary's Appeal, 5 Wright 277. The different executions are not to be treated as one : Commonwealth v. Magee, 8 Barr 248 ; Spang v. Commonwealth, 2 Jones 359 ; Hunt v. Breading, 12 S. & R. 41 ; Boas v. Updegrave, 5 Barr 519. As to the notice having been given on Sunday : Mackally's Case, 9 Rep. 68 ; Taylor v. Phillips, 3 East 156 ; Lea v. Hopkins, 7 Barr 499 ; Mohney v. Cook, 2 Casey 345 ; Shuman v. Shuman, 3 Id. 94.

*C. E. Rice* and *L. Hakes*, for appellee.—As to staying the writ : Corlies v. Stanbridge, Commonwealth v. Stremback, Hickman v. Caldwell, *supra ;* Weir v. Hall, 3 W. & S. 287 ; Flick v. Troxell, 7 Id. 68.

The opinion of the court was delivered, May 5th 1870, by

THOMPSON, C. J.—The auditor appointed by the court below to make distribution of the proceeds of the sale of the property of the defendant made on the executions of the appellant and the appellee, awarded what remained after payment of the costs on the writ, and a claim for rent due the appellant the landlord, to the execution of the appellee. The writ of the former was first in the sheriff's hands, but the auditor, on the hearing, found that his writ, like two preceding executions issued by him against the defendant, was not with the intent to collect his debt but with a view to secure the property against other creditors. Under these circumstances he decided that it was postponed to the junior execution of the appellee and so made distribution. It appeared when this last execution of the appellant was put into the hands of the sheriff he was directed by the plaintiff, as had been done by himself or by his orders as to the others, "not to do anything until further orders." This the auditor held, according to the authorities, Corlies & Co. v. Stanbridge, 5 Rawle 290, among them, destroyed its lien and postponed it to the subsequent bonâ fide execution. The court below agreed with the auditor, and confirmed the distribution made. With this we entirely agree. A host of authorities might be cited to sustain this view : Freeburger's Appeal, 4 Wright 244, and the doctrine of Pary's Appeal, 5 Id. 273.

But it was claimed before the auditor, and here, that the order given the sheriff not to proceed on the writ was countermanded by the appellant, by the order to proceed given by him to the sheriff, on the Sunday preceding the Monday morning on which the appellee's execution came into his hands. The auditor and

court treated this last order as a nullity, when the object in view was considered. And with this we agree. Sunday is *dies non juridicus*. The sheriff was not bound to receive or notice such an order on that day. To hold that he was, would be to hold that he was bound to keep his office open on Sundays to receive directions in regard to his official duties. But this is impliedly forbidden by the Act of 1705, against the service of civil process on Sunday, if not by the common-law rule that Sunday is *dies non*.

Judicial business in civil cases, done on Sunday, is violative of the rule of the common law and our statutes, which in fact are declarative of the common law. This is sustained by all our decisions on the subject of Sunday, and they need not now be cited more specially.

If an actual levy had been made on the appellant's writ on Monday morning, before the appellee's writ came to the sheriff's hands, and in consequence even of the directions given the day before, the intent to proceed to collect his money on the writ pursuant to the levy, might have been supported as against the idea that it was still a colorable proceeding, as well as by declarations to the same effect on any other day. The act and declaration would have been in accord—evidencing the same purpose. But to claim that the order given on Sunday, of itself imparted such vigor to the writ issued for the purpose of security only as to galvanize it into life, is what we cannot agree to. If it might have such an effect on any other day, without being accompanied with a levy before the lien of another writ attached, and I do not say it would, it would not have the effect on that day.

In fact the appellant's writ if issued for the purpose of security, as the auditor has found it was, never had any lien on the defendant's goods as against other execution-creditors. Therefore, when the appellee's writ came to the sheriff's hands it bound what was not bound by the appellant's writ, and as to it, was the first lien. It is but a choice of terms to express the same idea, whether we say it had lost its lien or it never had any. The fruit and effect of placing it in the sheriff's hands not to sell, but as a cover, were against the policy of the law and the Statute of Frauds, 13 Eliz. c. 5, Rob. Dig. 226.

We think the distribution made in the court below was entirely accurate so far as we see, and the decree is to be affirmed.

> Decree affirmed, and appeal dismissed at the costs of the appellant.