## S. H. MILLER, TO USE, v. J. G. GETZ.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF LANCASTER COUNTY.

Argued May 20, 1890—Decided June 2, 1890.
[To be reported.]

1. An execution issued merely to obtain a lien, and not to sell the goods levied on, will be postponed to a subsequent writ under which an actual sale is made; but a writ issued in good faith for the purpose of making the money will not be so postponed, merely because the goods were allowed to be sold on the subsequent writ.

2. The fact that a constable, who had made a levy, on learning of a subsequent execution in the hands of the sheriff, handed his execution to the sheriff and permitted the latter to sell under a levy subsequent and

expressly subject to the constable's levy, will not constitute an abandonment of the levy first made. ·

3. In such case, the proceeds of sale should be applied on the execution levied by the constable, though the goods levied on and sold had previously been set apart to the debtor under the exemption law, and though the only waiver of exemption by the debtor was contained in the judgment under which they were sold by the sheriff.

4. The rule laid down in Hallman v. Hallman, 124 Pa. 347, that a waiver as to any lien will enure to the benefit of all prior liens, applies in the case of liens acquired by successive levies on goods, under judgments of which some do and others do not contain waivers of the exemption, without regard to the relative dates of the judgments.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and McCOLLUM, JJ.

No. 293 January Term 1890, Sup. Ct.; court below, No. 58 August Term 1888, Execution Docket, C. P.

On April 16, 1889, the court below appointed *Mr. C. G. Bassler* auditor, to report distribution of a fund amounting to $285.74, paid into court by the sheriff as the proceeds of a sale, under a writ of fieri facias, of certain goods and chattels of J. G. Getz.

On June 17, 1889, the auditor reported finding the following facts :

On May 3, 1886, S. H. Miller obtained a judgment against J. G. Getz for $1,000, upon a bond containing a waiver of exemption, and on April 2, 1889, this judgment was transferred to Sophia Erb. No other judgments were entered against Getz, until more than a year after the entry of the Miller judgment.

On April 23, 1888, Getz and his wife made a deed of assignment for the benefit of his creditors to Geo. S. Frey, and on April 27th an inventory and appraisement was made of goods to the value of $300, elected to be retained by Getz under a reservation in the deed of assignment, and they were set apart to him.

On May 3, 1888, R. A. Leinbach recovered a judgment for $269.97 against Getz before Alderman Fordney, of Lancaster, and on May 23d Alderman Halbach, the successor of Alderman Fordney, issued an execution on said judgment to A. K. Dern, constable, returnable June 12, 1888. On May 24, 1888,

Statement of Facts.

at 10 o'clock A. M., constable Dern levied on the goods and effects that had been appraised and set aside under the assignment. At the time of the constable's levy, Getz made a verbal claim for the benefit of the debtor's exemption law, and a few hours afterward gave a formal written notice thereof.

On the same day, to wit, May 24, 1888, a fieri facias was issued on the judgment of Miller v. Getz. On that writ the sheriff made this indorsement: "Came to hand May 24, 1888, at 2.50 o'clock P. M.," and he subsequently made the following return: "May 26, 1888; levied on defendant's real estate and served notice of condemnation; same day levied on defendant's personal property subject to constable's levy; and June 4, 1888, sold personal property for . . . . . $306.12

. "Deduct costs, . . . . . . 20.38
_____

$285.74"

The personal property levied upon and sold by the sheriff was the same that was levied upon by constable Dern, under the Leinbach execution. Being told that there was an execution in the hands of the sheriff, Dern had gone to the sheriff's office, handed to that officer the Leinbach execution and "claimed his, Dern's, rights, as an officer, to the goods, subject to the sale of the sheriff," and Dern did nothing more after this with his execution.

—For the purpose of showing that Dern never had any intention of selling the property levied on by him, Sophia Erb adduced testimony before the auditor to the effect that at the time of the levy Getz asked Dern when he was going to sell the goods, to which Dern replied, "I don't know; I don't think they will be sold at all; I do this merely to hold the goods." Dern, while testifying on behalf of Leinbach, was asked upon cross-examination whether he had said this. He answered: "A. I have no recollection of any such a conversation. I remember I told him I wished to levy on nothing but what was set aside under the $300 law. I put up no advertisements for the sale of the property. No day was appointed for the sale. All I did was to make a levy and went off. It is not my practice to appoint a day of sale when I levy on property. After I handed the execution over to the sheriff I did not bother my mind about it." Afterwards, Dern was recalled and testified,

as follows: " The witness is right in saying Getz did ask me
when the goods will be sold; I told him that I did not know
when they would be sold, that I would not sell them until I
had a bond of indemnity. I never got a bond of indemnity; I
never asked for it; I had no occasion; the sheriff sold the
goods."

The auditor's report, after giving the facts found, referring to
the testimony above quoted, and stating the grounds upon which
the fund for distribution was claimed by Mrs. Erb and by
Leinbach respectively, concluded as follows:

" There is, I think, enough evidence to show that the con-
stable abandoned his levy on the goods by not selling them,
and not bothering his mind about it, after he handed his execu-
tion to the sheriff. There is no evidence that he took part in
the sale, or was at it at the time it was held; and, in view of
the fact that the Miller judgment assigned to Mrs. Erb was a
waiver judgment, and it being the prior judgment, the pro-
ceeds being realized at the sale on the execution issued on
that judgment, the fund must be awarded to Sophia Erb, trans-
feree of S. H. Miller."

Exceptions to the auditor's report, after argument, were sus-
tained by the court, PATTERSON, J., in an opinion in part as
follows:

The law held by the auditor is manifestly error. . . . . Under
his levy the sheriff sold the personal property that had been
levied on by the constable. The constable after seeing the
sheriff proceeding under his levy, handed to the sheriff his exe-
cution. But that was not abandoning his execution, his levy
and right to sell, as the auditor holds. " If, after levy by a con-
stable, the sheriff makes a levy on the same property and sells
it on his own writ alone, he does not prevent the constable
claiming the amount of his execution first from the proceeds:"
1 Trickett on Liens, § 300. But this is a distribution of the
proceeds of a sheriff's sale, which raises another question. On
a question of distribution the sheriff's return is conclusive: Tr.
& H. Pr., §§ 1162, 1163, 1169. " A waiver as to any lien will
enure to the benefit of all prior liens, on the principle that a
debtor cannot alter the precedence settled by law:" Hallman v.
Hallman, 124 Pa. 347, and authorities quoted.

VOL. CXXXV—36

The fund distributed here is all the proceeds of personal property, and we think comes under the rules stated. We must therefore sustain all the exceptions filed above and set aside the findings of the auditor. The costs of the sheriff, however, on his execution, and the balance, to wit, $285.74, we award to the payment of R. A. Leinbach's judgment against Jacob G. Getz, so far as the same will pay said judgment, after the proper costs of the audit are first deducted.

—Thereupon, the use plaintiff took this appeal specifying that the court erred:

1. In overruling or practically ignoring the auditor's finding as to the abandonment of the constable's levy.

2. In not finding that there was such an abandonment of the Leinbach execution as postponed it to the execution upon the appellant's judgment.

3. In awarding the fund in dispute to R. A. Leinbach.

*Mr. William R. Wilson,* for the appellant:

1. We never contended, nor did the auditor hold, that the mere handing of the constable's execution to the sheriff was per se an abandonment of it. But upon all the testimony in the case as to the declarations and conduct of the constable, we contend that his leaving the goods in the possession of Getz until they were sold by the sheriff, his making no claim to the proceeds and his making no return of the execution to the alderman, all show a practical abandonment. In view of the testimony, there can be no reasonable doubt that he made the levy, not with the bona fide intention of selling, but merely, in his own language, " to hold the goods." An execution so levied is fraudulent as to other creditors: Weir v. Hale, 3 W. & S. 285; Freeburger's App., 40 Pa. 244. A writ may be legally abandoned and the lien of the levy postponed by the acts or declarations of the officer, without any participation of the execution plaintiff therein: Commonwealth v. Contner, 18 Pa. 439; Earl's App., 13 Pa. 483. By his failure to return the execution, the constable was absolutely bound to his plaintiff for the debt, interest and costs: Bachman v. Fenstermacher, 112 Pa. 331.

2. The appellant is entitled to the fund because the money was made on her execution: Wilkinson's App., 65 Pa. 189;

McClelland v. Slingluff, 7 W. & S. 134. Of all the cases re-viewed by Mr. Justice MITCHELL, in Hallman v. Hallman, 124 Pa. 347, the only one in which the principle that a waiver of exemption in favor of one lien creditor is a waiver in favor of all, was made to apply to executions against personal property, is Garrett's App., 32 Pa. 160. In that case the debtor at-tempted to prefer a junior to a senior lien creditor, and we sub-mit that the principle is applicable in such a case only. The case at bar is quite different from the one referred to ; for, when Getz waived his exemption in our judgment there were no other judgment liens against him, and therefore his waiver could not displace established liens or change the order of dis-tribution. The principle gathered from all the cases, com-mencing with Bowyer's App., 21 Pa. 210, is merely that the defendant cannot, by his own fiat, after the order of liens is fixed, substitute a junior for a senior lien creditor. But the ruling of the court below makes a waiver, on the faith of which the creditor parted with his money, valueless as against other creditors who then had neither lien nor debt: this, in the face of the fact that the waiver is a part of the judgment: Numbers v. Shelly, 78 Pa. 426. Moreover, the appellant is not bound to insist on her waiver for the benefit of other creditors: Feak's App., 81* Pa. 76.

3. Hallman v. Hallman, 124 Pa. 357, which is relied on against us, related to a distribution of the proceeds of real es-tate, and this court reversed the judgment because the second lien creditor could not avail himself of a waiver made in the interest of the first. The first of the rules laid down by Mr. Justice MITCHELL may be read without violence to the text, as meaning that a waiver will enure to the benefit of all prior liens existing at the time of the waiver. So read, it is in har-mony with the language of Mr. Justice THOMPSON in Garrett's App., 32 Pa. 160, and with the third rule laid down in Hall-man v. Hallman. Again ; a debtor's property to the value of $300 is exempted by § 1, act of April 9, 1849, P. L. 533, not only from sale, but from levy. The constable, therefore, had no right to levy on these goods : Hildebrand v. Bowman, 100 Pa. 580. His levy was void ; and hence, the only real levy being that made under the appellant's writ, the proceeds pass to her: Ehrisman v. Roberts, 68 Pa. 308. The fact that the sheriff

Opinion of the Court.

noted on the writ that the levy made by him was subject to
the constable's levy, cannot affect the rights of the parties.
His duties under the act of June 16, 1836, P. L. 761, are min-
isterial, not judicial. He cannot make that a valid levy which
is not such, nor decide who is entitled to the money. More-
over, he did not have control of both writs, as in Paxson's
App., 49 Pa. 195.

*Mr. A. J. Eberly*, for the appellee:

The conduct of the constable was in accordance with the
practice usually followed in Lancaster county in such cases, to
prevent a conflict of authority between the sheriff and the con-
stable, and save the expense of advertising and holding a sale
by more than one of the officers. His permitting the sheriff to
sell was not an abandonment of the levy: 1 Trickett on Liens,
§ 300; McGinnis v. Prieson, 85 Pa. 116. Even if the con-
stable was derelict, this would not postpone the plaintiff in the
execution: McGinnis v. Prieson, supra; McCoy v. Reed, 5 W.
300. The sheriff's return is conclusive on the question of
priority as between the two writs: 1 Tr. & H. Pr., 677, 1169;
Paxson's App., 49 Pa. 195. Leinbach acquired by levy a lien
upon the goods before the appellant did; therefore the prin-
ciple of Hallman v. Hallman, 124 Pa. 347, applies.

PER CURIAM:

The law is well settled that an execution issued for the pur-
pose of obtaining a lien, and not to sell the goods, will be post-
poned to a subsequent fieri facias, under which the officer
having the writ in charge proceeds to levy and sell: Corlies v.
Stanbridge, 5 R. 286: Mentz v. Hamman, 5 Wh. 150; Dor-
rance v. Commonwealth, 13 Pa. 160; Freeburger's App., 40
Pa. 244; Stern's App., 64 Pa. 447; Landis v. Evans, 113 Pa.
332. There was nothing in this case to show that the execu-
tion of Reuben A. Leinbach was not issued in entire good
faith, for the purpose of making the money. The constable
made a levy thereunder, and upon the same day, but a few
hours later, a levy was made by the sheriff, upon the same
property, upon another execution. Thereupon the constable
handed over his levy to the sheriff, at the same time claiming
his rights as an officer to the goods, and allowed the sheriff to

sell.   The sheriff returned his writ subject to the constable's levy; and the proceeds of the sale, $285.74, were distributed by the court below to the plaintiff in the execution in the hands of the constable.   We see no error in this.   It is true the auditor found that the constable abandoned his levy.   This, however, is a mere deduction from evidence which does not justify it, and the court was clearly right in not regarding it.   It was contended, however, that the money should have been awarded to the Miller judgment, because it contained a waiver of exemption, while none is found in the Leinbach judgment.   This position cannot be sustained.   It is settled that a waiver as to any lien will inure to the benefit of all prior liens, on the principle that a debtor cannot alter the precedence settled by law: Hallman v. Hallman, 124 Pa. 347.

> The decree is affirmed, and the appeal dismissed at the costs of the appellant.