## William S. Hoerner, now to use of G. W. Cromer, *v.* George A. Cordell, Appellant.

*Execution—Liens with and without waiver of exemption—Effect of order of entry.*

Where a debtor has given or contracted several obligations, some with and some without waiver, he puts it in the power of the holders to determine, by the order in which the obligations are reduced to lien, whether he shall be deprived of his exemption in case the debtor's property be insufficient to discharge all of the liens without leaving a balance for the exemption.

*Distribution—Debtor's exemption.*

A mortgage was the first lien on defendant's property, two other judgments followed and the bond accompanying the mortgage was entered up and sale had on the judgment on the bond; the lien of the mortgage having been postponed by the act of the mortgagee to that of the two intervening judgments. *Held,* that an application for debtor's exemption must be dismissed and the proceeds of sale distributed to the lien creditors in the order of priority.

Argued March 21, 1899. Appeal, No. 15, March T., 1899, by defendant, from order of C. P. Franklin Co., Dec. T., 1896, No. 51, making absolute rule to show cause why defendant's claim to exemption should not be dismissed. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by W. W. PORTER, J. BEAVER and ORLADY, JJ., dissent.

Rule to dismiss claim for debtor's exemption. Before STEWART, P. J.

It appears from the record that appellant was the owner of a small tract of land in Peters township, Franklin county, upon which were entered the following liens : (1) mortgage of W. S. Hoerner, use of G. W. Cromer, $108.75 ; (2) judgment of J. H. Devor, use of G. W. Cromer, $83.50 ; (3) judgment of George W. Cromer, $50.00 ; (4) judgment of W. S. Hoerner, use of George W. Cromer, $108.75.

The first lien on defendant's real estate was a mortgage, which, by agreement of the mortgagee was postponed to the liens on the two judgments next in order, which were followed by the judgment entered on the bond which accompanied the mortgage containing the waiver of exemption.

The defendant's real estate was sold by the sheriff for $300 under the judgment entered on bond accompanying the mortgage which contained the waiver of exemption, and at the instance of G. W. Cromer and Ellis E. Foust, the use plaintiffs in judgments two and three, a rule was taken on defendant to show cause why his claim for the exemption should not be dismissed, to which an answer was filed, and the court having expressed a doubt as to its jurisdiction in the premises, an agreement was filed that the court "have jurisdiction in the matter in dispute upon the facts set forth in the petition and answer as though the fund had been paid into court."

The court below after argument made rule absolute dismissing defendant's claim for exemption and awarding the fund to the judgment creditors in the order of their priority. Defendant appealed.

*Error assigned* among others was in making absolute rule to show cause why defendant's demand for benefit of the exemption laws of the commonwealth should not be dismissed.

*O. C. Bowers*, for appellant.—A waiver of exemption in favor of a junior lien inures to the benefit of prior liens containing no waiver.

A debtor may not disturb the order of liens and prefer a subsequent to a prior lien creditor: Laucks's Appeal, 44 Pa. 396; Shelly's Appeal, 36 Pa. 373.

Our position, however, in this case, is, that the learned judge of the court below misapprehended the effect of the above rule, because, as to the land bound by the mortgage, the judgment entered upon the bond accompanying the mortgage took its lien as of the date of the lien of the mortgage itself, and was therefore not a subsequent lien to judgments two and three.

This judgment was simply an additional or cumulative remedy, and the sale upon the judgment entered upon the bond discharged the lien of the mortgage: McAuley's Appeal, 35 Pa. 209.

While there have been many conflicting decisions with respect to the effect of a waiver of the exemption laws, the whole subject has been cleared up in a masterly manner by Judge MITCHELL in Hallman v. Hallman, 124 Pa. 347.

We respectfully submit that this case, and Hill v. Johnston & Parker, 29 Pa. 362, and McAuley's Appeal, 35 Pa. 209, virtually rule every question raised by this record in favor of the appellant.

*William S. Hoerner,* with him *Ellis E. Foust,* for appellee.— The law regards only the position of the liens at the time of sale.

Hallman v. Hallman, 124 Pa. 347, has settled this point once and for all in Pennsylvania. " A waiver as to any lien will inure to the benefit of all prior liens, on the principle that a debtor cannot alter the precedence settled by law." See also Bowyer's Appeal, 21 Pa. 210, and Miller v. Getz, 135 Pa. 558.

In the case of Bowman v. Tagg, 6 W. N. C. 220, a rule to show cause why appraisement should not be set aside, and exemption disallowed, was discharged. Here the creditor was the deus ex machina for the defendant, in securing the latter's exemption, and it was accomplished by the creditor changing the order of the liens, exactly the thing done in this case.

OPINION BY WILLIAM W. PORTER, J., May 18, 1899 :

Had the sequence of liens originally been the two judgments, without waiver, and the bond and mortgage, with waiver, a sale on either the bond or the mortgage would have resulted in the debtor losing his exemption to the extent of his mortgage indebtedness : Hallman v. Hallman, 124 Pa. 347. By the postponement of the lien of that debt he loses it all if the court below be affirmed.

Where the debtor has given or contracted several obligations some with and some without waiver, he puts it in the power of the holders to determine, by the order in which the obligations are reduced to lien, whether he shall be deprived of his exemption, in case the debtor's property be insufficient to discharge all of the liens without leaving a balance for the exemption : Hallman v. Hallman, supra. The contention here, however, is that the judgment on the bond entered after the two other judg

ments, became a lien anterior to them because it related back to the date of the mortgage given to secure it. In a sense the judgment does so relate back as to its lien upon the particular property covered by the mortgage. As to all other properties of the defendant its lien dates from its entry. But the lien of the mortgage was postponed by the act of the mortgagee to that of the two small judgments. The lien of the judgment on the bond was, as to the mortgaged property, only a duplication of the lien already there by virtue of the mortgage and represented the same debt. Release of the lien of the mortgage would work a release of the lien of the judgment on the bond. A satisfaction of either would work a satisfaction of the other. A postponement of the lien of either would work a postponement of the lien of the other. Had there been no agreement of postponement and had the property levied upon and sold under the judgment on the mortgage bond been personalty with the lien of the levy subsequent to levies upon the two small judgments, the debtor would have been deprived of his exemption, and this by the act of the creditors in determining the order in which the writs of execution issued, upon the rule that a waiver as to any lien will inure to the benefit of all prior liens : Miller v. Getz, 135 Pa. 558. Here the property was real estate and the act of the creditor by postponing produced the result of depriving the debtor of his exemption. It is difficult to see why the difference in the character of the property possessed by the debtor should result to his advantage by tying the hands of the creditor in the case of real estate and not in the case of personalty.

The mere obtaining of the liens in either case does not thereby deprived the creditor of the right to control them, and to change if he will the order of their enforcement if it be to his advantage. No additional rights accrue to the debtor and none are lost to the creditor by the fixing of the order of the liens in the first instance.

It is not alleged that it was agreed that the mortgagee should not postpone his lien, but the claim is that he was estopped from postponing because his act deprives the defendant of his exemption. The injury to the debtor thus resulting is due to the form and character of the obligations given or contracted. By his own act he put it in the power of his creditors to deprive him of his exemption. The creditors had the right to deal with

their claims in good faith, in such manner, as would under the law, best secure their payment. The debtor cannot be heard to complain that they have exercised the power he gave them. The "distribution is not to be regulated by any wish of his no matter in what form he may choose to express it:" Bowyer's Appeal, 21 Pa. 210.

We need not discuss the matter of the form in which the claim for exemption was made.

The judgment is affirmed.

BEAVER and ORLADY, JJ., dissent.