## Commonwealth v. Bevill

*Donald W. Van Artsdalen,* District Attorney, for Commonwealth.

*William L. Goldman,* for defendant.

Rubin, J., September 5, 1956.—This proceeding is before the court on certiorari to a justice of the peace. Defendant was arrested, on view, Sunday, September 18, 1955, by an officer of the Bristol Township police, for operating an overloaded motor vehicle. On the same day he was taken to the office of a justice of the peace where an information charging him with a violation of section 903 of The Vehicle Code of May 1, 1929, P. L. 905, was sworn to by the officer and lodged with the justice of the peace. Immediately thereafter, a hearing was held by the justice of the peace as a result of which defendant was fined for the violation of article IX, sec. 903, of The Vehicle Code, as last amended by Act of June 20, 1955, P. L. 225. Defendant subsequently posted a bond in double the amount of the fine and costs, and on October 14, 1955, application was made to this court for a writ of certiorari which was duly allowed.

Defendant filed nine exceptions to the record of the justice of the peace but only three, numbered 1, 2 and 3 were pressed and argued by counsel. They raised the following questions:

1. Was the information made on Sunday illegal and void?

2. Was the hearing held on Sunday before the justice of the peace illegal and void?

3. Was the arrest illegal and void because made, on view, by a peace officer (not a Pennsylvania State policeman) on Sunday?

We will first discuss the question raised by the second exception.

We take judicial notice by reference to the calendar and the almanac that September 18, 1955, was Sunday. Sunday at common law is a day non juridicus

and all judicial acts performed on that day are void unless otherwise provided by statute. Sunday was made dies non juridicus in 517 A. D. by a canon of the church. This canon was adopted by the Saxon kings of England, confirmed by William the Conqueror and Henry II, and became recognized and established as the common law. Lord Coke in I Institutes 364 states: "At the common law there be dies juridici and dies non-juridici and that the Sabbath is not a judicial day."

There is a dearth of precedents directly on point, probably because the law is so universally recognized and considered to be well settled in Pennsylvania. Text writers generally state the common-law rule to be that judicial acts cannot be performed or judicial proceedings held on Sunday, but make a distinction between the performance of ministerial acts and judicial acts, the former being held valid[1] and the latter being held void.

In 50 Am. Jur. 858, §§73, 74, the general principles are set forth as follows:

"While anciently courts of justice sat on Sunday, it has long been the rule at common law, expressed by the Latin phrase Dies Dominicus non est dies juridicus, that judicial proceedings cannot be held or judical acts performed on Sunday. While in the absence of statute a ministerial act in connection with judicial proceedings and, according to many cases, quasi-judicial acts, such as the issuance and service of process, performed on Sunday are valid, it is the general rule of the common law that all judicial proceedings which take place on Sunday and all judicial acts performed on that day are void, irrespective of any statutory declaration to that effect. In jurisdictions where the

---

[1] See Huidekoper v. Cotton, 3 Watts 56; Commonwealth v. Nixon, 94 Pa. Superior Ct. 333.

common law prevails, the right or authority to perform any judicial act on Sunday must be derived from a statute conferring that right or authority, and a statute conferring such right should, like any other statute in derogation of the common law, be strictly construed.

"Under the rule that Sunday is dies non juridicus and judicial acts performed on that day are void, an order made by a judge on Sunday is void. The holding of court on Sunday is likewise interdicted, and judicial acts performed at a session of court held on that day are void. Thus, a jury cannot be charged and the case submitted to them on Sunday. Charging the jury is a judicial, as distinguished from a ministerial, act, and on principle cannot be done on a non-juridical day. Likewise, a valid judgment cannot be rendered nor a sentence pronounced on Sunday, unless authorized by statute."

Language to the same effect will be found in 25 R. C. L. 1444, 83 C. J. S. 877 and 60 C. J. 1143. Ballentine's Law Dictionary defines dies non juridicus as a nonjudicial day, any day upon which court cannot lawfully be held.

Our Pennsylvania statutes indicate Sunday is considered a day non juridicus. The service of writs and decrees, except in the case of treason, felony or breach of the peace,[2] and any worldly business or employment, except works of necessity or charity,[3] are forbidden on Sunday. Judicial business in civil cases is also prohibited on Sunday. See Stern's Appeal, 64 Pa. 447, 450, where it is stated:

"Judicial business in civil cases, done on Sunday, is violative of the rule of the common law and our stat-

---

[2] Act of 1705, 1 Sm. L. 25, sec. 4, 44 PS §1.

[3] Act of April 22, 1794, 3 Sm. L. 177, 18 PS §1991, reënacted by the Act of June 24, 1939, P. L. 872, sec. 699.4 (18 PS §4699.4).

utes, which in fact are declarative of the common law. This is sustained by all our decisions on the subject of Sunday, and they need not now be cited more specially."

Moreover, although section 1211 of The Vehicle Code, as amended, 75 PS §741, authorizes Pennsylvania State policemen in uniform to arrest violators of the act, on view on Sunday, it does not permit the magistrate to hold a hearing on that day, but provides that any person arrested on Sunday shall be admitted to bail for a hearing to be held at a later date.

In the case of Commonwealth v. Skula, 41 D. & C. 309, defendant was arrested on Sunday by a constable on view and without warrant, charged with a violation of The Vehicle Code for speeding. A hearing was held the same day. The proceedings before the justice of the peace were reversed on certiorari, the court noting, ". . . a justice had no power to hold a trial or to find a defendant guilty" on Sunday. Compare the thorough discussion of the law relating to Sunday as a day non juridicus, in New Castle v. Casacchia, 58 D. & C. 184.

We are aware of the case of Commonwealth v. Hendley, 5 D. & C. 716, but, as will appear hereafter, are unable to agree with the rationale or the rule stated therein. In that case, defendant was arrested on Sunday and given a hearing on the same day and bound over to court. The opinion concludes "as to all offences for which an arrest may be made on Sunday, a hearing may also be had."

Since this is a proceeding on certiorari we are confined to the record before us. It clearly appears from the transcript of the justice of the peace and the record that on Sunday, September 18, 1955, the justice of the peace held the hearing, at which he took the testimony of witnesses under oath, found defendant guilty as charged and sentenced him to pay a fine and costs of prosecution.

There can be no doubt that the hearing held and other acts performed by the justice of the peace were judicial acts. There is no sound reason for permitting or sanctioning a hearing on Sunday, notwithstanding that the arrest is made on view, without warrant, on that day. As we have heretofore stated, such hearings are prohibited by The Vehicle Code, the act of assembly under which defendant was arrested and convicted. It does not follow that the right to make an arrest on Sunday gives the right or necessitates a trial or hearing on Sunday. An arrest is a ministerial act; to hold a hearing, however, is to perform a judicial function, always forbidden not by statute, but at common law as a matter of public policy.

Although, as heretofore noted, the legislature has authorized exceptions to the common-law rule that Sunday is a day non juridicus, we do not intend to extend such exceptions by judicial fiat, so as to defeat the purpose of a law which is so deeply embedded in the public policy of the Commonwealth. We are not called upon to state our views on the policy of the Sunday law and refrain from doing so, but until the legislature authorizes the performance of judicial acts on Sunday, we propose to stand by and uphold the common-law rule now in force.

Applying the principles above set forth to the facts in the instant case, we conclude that the hearing held by the justice of the peace and the sentence pronounced by him on Sunday, September 18, 1955, were judicial acts in contravention of the common law and therefore void and of no effect. In view of the foregoing discussion and our disposition of this case, it is unnecessary to consider and pass upon the other exceptions filed by defendant.

And now, September 5, 1956, defendant's exception no. 2 is sustained and the judgment and sentence of the justice of the peace is reversed and set aside.