## Commonwealth v. Cunningham

*Herbert J. Johnson, Jr.*, for Commonwealth.
*Charles D. Cowley*, for defendant.

LAUB, J., July 17, 1962.—Defendant was accused by a State policeman of speeding in violation of The Vehicle Code. An information was filed before a justice of the peace who thereupon sent defendant a notice to appear within ten days for hearing as provided in section 1202(a) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1202(a). Defendant appeared in response to the notice and a hearing was held, after which he was found guilty as charged. A writ of certiorari was issued at the impetration of defendant and this is the matter which is now before us.

Defendant's sole complaint is that the information charging him with the summary offense of speeding was signed and sworn to on Sunday, May 6, 1962, and the transcript of the justice supports this contention. The question therefore arises whether an information may be signed and sworn to on Sunday without adversely affecting the legality of the entire proceedings.

It is important at the outset to make note of the fact that this is not a case of an arrest on view as provided in section 1214 of the act (75 PS §1214), for under that provision arrests on view may be made by a State policeman on Sunday and an information may be properly signed and sworn to on the same day. No such permission is granted under section 1202(a), the section under which this prosecution was processed. It must also be noted that speeding is neither a treason, a felony nor a breach of the peace, and, therefore, does not come under the exclusionary provisions mentioned in the Act of 1705, 1 Sm. L. 25, sec. 4, 44 PS §1, proscribing certain activities on Sunday.

Judge McKay, of Mercer County, in Commonwealth v. D'Ambrosio, 16 D. & C. 2d 485, decided this very question adversely to the Commonwealth, holding that a conviction before a justice of the peace for operating a motor vehicle at an unlawful rate of speed in violation of The Vehicle Code will be set aside on certiorari, where it appears that the information was executed and filed on Sunday. Judge McCreary of Beaver County reached a somewhat similar conclusion in Commonwealth v. Heyman, 1 D. & C. 2d 580, and we can find no authoritative pronouncement contrary to the conclusions reached by these eminent jurists. The Act of 1705, supra, provides that no person shall, on Sunday, serve, execute, or cause to be served or executed, any writ, precept, warrant, order, judgment or decree, except in case of treason, felony, or breach of the peace, and that any instrument so executed or served shall be void to all intents and purposes whatsoever. This act does not deprive the legislature of power to provide for the issuance and service of judicial processes on Sunday in special instances, but it seems clear that in the absence of statutory authority to the contrary, the general provisions of the 1705 Act apply. Of course, that statute makes no reference to informations charging

one with a summary offense, and relates only to writs, precepts, warrants, orders, judgments and decrees, but this is not fatal to defendant's case. No warrant of arrest can issue without probable cause and a previous affidavit describing the person to be seized (Constitution, art. 1, sec. 8), and therefore, an information or complaint in a criminal case is solidly fused by the Constitution to the warrant itself. A warrant cannot be issued without an information and this makes the two instruments a unit insofar as this case is concerned. It seems obvious, therefore, that the statute forbidding the issuance of a warrant on Sunday must also forbid the taking of an information in support thereof on such a day. Nor does the use of a summons under the provisions of section 1202(a) of the code invalidate this conclusion, for under clause (1) of that provision, a warrant of arrest follows disobediance to the summons, thus making the summons a mere device for the postponement of the warrant in the event such a precept shall become necessary.

However, even in the absence of the statute, the performance of a judicial act on Sunday is forbidden by the common law. In Stern's Appeal, 64 Pa. 447, it was held that Sunday is dies non juridicus, regardless of statute, and this means that a purely judicial act cannot be performed on such a day. The acceptance of an information and the determination of its propriety as well as the issue of probable cause is a purely judicial act which cannot be done on Sunday unless specifically authorized by law. In consequence, since there is no statute which abrogates the common law in cases like the present one, we have no alternative but to sustain defendant's contentions.

And now, July 17, 1962, the conviction of the defendant is set aside and he is discharged from the obligation of his recognizance without delay.