## LEO FRITZ V. THE STATE.

No. 22626. Delivered December 15, 1943.

The opinion states the case.

*Bert G. Ashby*, of Dallas, of appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is the possession of whisky in a container to which no stamp was affixed showing the payment of the tax due thereon to the State of Texas. The punishment assessed is a fine of $500.00.

The record discloses that on the first day of May, 1943, appellant appeared in the office of the county judge, which is located in the court house of Lamar County, waived a jury and entered a plea of guilty to the charge. The court received his plea and assessed his punishment as above stated. The term of the court expired at midnight of the same day. Thereafter, on the 28th day of May, appellant filed a motion protesting the entry of a judgment nunc pro tunc on the ground that the judgment pronounced against him by the court on the first day of May was void and of no force and effect inasmuch as his trial was had in the private office of the judge and not in the regular court room. The court overruled the motion and entered the judgment nunc pro tunc, to which appellant excepted and brings the matter to this court for review by a bill of exception. The

court qualified the bill with the statement that his office, where appellant entered the plea of guilty, was located in the court house of Lamar County; that no one was ever denied admittance to his office during the proceedings.

The question here presented was this day decided by this court adversely to appellant's contention. See Tischmacher v. State, No. 22,627. (Page 464 of this volume). For the reasons therein stated the judgment of the trial court is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.