The People of the State of New York, Respondent, *v.* Stanley Simmons, Appellant.

Fourth Department, March 2, 1955.

*Theodore M. Coburn, District Attorney,* for respondent.

*Stanley Simmons,* appellant in person.

VAUGHAN, J.  Appellant appeals from (1) an order of the County Court of Cayuga County denying without a hearing, his motion for a writ of *coram nobis* to vacate and expunge a judgment of conviction entered upon a plea of guilty of the crime of assault in the second degree, and (2) a judgment and resentence imposed on November 13, 1953, by the same court committing him *nunc pro tunc* as of November 14, 1950, the date of imposition of sentence for assault, second degree, to the New York State Reception Center at Elmira for classification and confinement pursuant to article 3-A of the Correction Law. These are the facts:

At the time of appellant's conviction of assault, second degree, he was being detained by virtue of a prior judgment of conviction of robbery, second degree, rendered against him on February 1, 1949, in Kings County Court.  On that occasion, he was sentenced as a first felony offender to an indeterminate term of imprisonment in the Elmira Reception Center of from seven and one-half to fifteen years.  He was thereafter transferred to Auburn State Prison and while there became involved in an altercation with a prison guard.  Following this altercation he was transferred to Attica State Prison.  While there he was indicted by the Grand Jury sitting in conjunction with the October, 1950, term of the Supreme Court of Cayuga County.

On October 24, 1950, the indictment having been transferred to the Cayuga County Court, he was returned from Attica and arraigned in the Cayuga County Court.  The court advised appellant of his right to counsel pursuant to section 308 of the Code of Criminal Procedure and upon appellant's request for an adjournment to enable him to obtain counsel of his own choosing, the court adjourned the matter to November 3, 1950. Appellant was thereupon returned to Attica State Prison.  That same evening, he wrote to his family asking that they obtain counsel for him.  However, on the adjourned date he was still without counsel.  A further adjournment for the purpose of obtaining counsel was denied and the court, over appellant's protest, assigned counsel, and upon appellant's refusal to plead to the indictment, the court directed that a plea of not guilty be entered.  Appellant was remanded temporarily to the cus-

tody of the Warden of Auburn State Prison pending trial and final disposition of the case. All rights were reserved for the purpose of making motions until November 10th and November 13th was tentatively set as the date for trial. No motions were made. In the meantime, however, it is claimed by the appellant that his assigned counsel and the District Attorney entered into an agreement that if he would withdraw his plea of not guilty and enter a plea of guilty, he would receive a minimum term of two and one-half to three years. On that understanding, appellant claims that on November 14, 1950, he withdrew his former plea and entered a plea of guilty. The court thereupon sentenced him as a second felony offender to the State prison at Attica " for an indeterminate term, the minimum of which shall be two years and six months and the maximum three years, said sentence to begin at the expiration of all previous sentences." Some time thereafter — the date does not appear — appellant was transferred from Attica to the Clinton State Prison at Dannemora, New York.

On March 19, 1953, approximately two and one-half years following his sentence for assault, second degree, appellant moved in the County Court of Cayuga County for an order in the nature of a writ of *coram nobis* to vacate and set aside the judgment of conviction entered in that court on November 14, 1950, following his plea of guilty of the crime of assault, second degree, and requested a hearing before the Cayuga County Court. The grounds urged in support of the motion were (1) that the arraignment and sentence were made in the court's private chambers rather than in open court; (2) that the failure of the court to grant a second and further adjournment in order to permit him to obtain counsel of his own choosing constituted an abuse of judicial discretion; (3) that the court erred in denying to appellant the right to act as his own counsel and in imposing upon appellant the services of an attorney he did not want.

On March 27, 1953, the court, in a written decision, denied the relief requested and dismissed the writ without a hearing. In its decision, the court points out that the court's chambers where appellant was arraigned and subsequently sentenced, adjoined the room where jury trials were customarily held, that the chambers were open to the public, that there were several spectators as well as representatives of the press present at the time of both arraignment and sentence and that under no interpretation of the word " secrecy " could appellant's arraignment and sentence be said to be secret. The court also dismissed, for lack of merit, appellant's claim that counsel was forced upon him

or that he was not afforded a reasonable opportunity to select counsel of his own choosing. Whether he was satisfied or not with assigned counsel, it is a fact that he withdrew his plea of not guilty and upon advice of counsel entered a plea of guilty although advised by the court that he would not have to accept or follow the advice of assigned counsel.

It appears without dispute that following appellant's mandatory plea of not guilty, his assigned counsel and the District Attorney collaborated and as a result appellant was advised by his attorney that if he would withdraw his plea of not guilty and plead guilty, the District Attorney would recommend to the court imposition of a minimum term of two and one-half to three years and that in keeping with that agreement appellant withdrew his former plea and entered a plea of guilty and the court imposed the sentence recommended by the District Attorney.

There being no dispute as to the material facts above detailed, we see no reason why appellant should have been afforded a hearing on the writ. The order dismissing the writ should be affirmed.

Some eight months following dismissal of appellant's writ of *coram nobis* and on November 2, 1953, appellant secured a writ of habeas corpus returnable before the Clinton County Court. That court, upon return of the writ, made an order returning appellant to the Cayuga County Court for resentence as a second felony offender for assault in the second degree on the ground that at the time of his sentence to Attica State Prison on November 14, 1950, appellant was twenty years of age and should have been committed to the Elmira Reception Center. Upon appellant's appearance for resentence, the court, upon motion of his attorney, vacated the prior sentence and committed him " to the Reception Center at Elmira, New York, for classification and confinement, such commitment to be placed in force at the expiration of any sentence you are now serving."

Appellant immediately raised the question that commitment to the Reception Center without fixing the term of his commitment would automatically increase his term of imprisonment from two and one-half to three years imposed on November 14, 1950, to a maximum of five years and urged that imprisonment for such a term would be in violation of the agreement made between his attorney back in 1950 and the District Attorney that if he withdrew his plea of not guilty and pleaded guilty he would receive a minimum sentence of from two and one-half to three years. He also urges that as a second felony offender,

his maximum term might be increased to ten years. Other objections raised do not merit consideration.

We reach the conclusion that the judgment of resentence and commitment should be vacated and that the judgment of conviction imposed on November 14, 1950, should be reinstated. At the time of the imposition of that sentence, appellant was twenty years of age and was being detained in Attica State Prison by virtue of a prior judgment of conviction for robbery second degree upon which he had been sentenced on February 1, 1949, by the Kings County Court to a term of imprisonment of from seven and one-half to fifteen years. Under no possibility could he commence serving the second sentence until after the expiration of the sentence imposed in 1949. The Cayuga County Court recognized the situation and at the time of imposition of sentence directed '' said sentence to begin at the expiration of all previous sentences.'' (See Penal Law, § 2190, and 1946 Atty. Gen. 191.) Accordingly, appellant could not properly be received at the Elmira Reception Center until long after reaching the age of twenty-one.

Article 3-A of the Correction Law which creates the Elmira Reception Center starts off in this fashion: '' There shall be in the department a reception center for the reception and classification for purposes of confinement and treatment of male offenders between the ages of sixteen and twenty-one years, convicted on or after November first, nineteen hundred and forty-five, of offenses punishable by imprisonment in state institutions under the jurisdiction of the department '' (§ 60).

From a reading of article 3-A (§§ 60, 61, 62) of the Correction Law, it is apparent that the Elmira Reception Center was not established for the purpose of reclassification of persons who had previously been committed to the Reception Center for classification. The amendment to subdivision 1 of section 61 of the Correction Law, effective February 1, 1955, bears out such conclusion. (L. 1954, ch. 803.) It provides in part: '' Any person who has been classified at the reception center and transferred to an institution in the department, and who, while serving a sentence in such institution, or after escape therefrom, is brought before a court to be tried for a different offense or crime, shall not, if sentenced for such offense or crime, be committed to the reception center, but shall be re-committed to the institution in which he had been previously confined.'' Such provision clearly expresses the intent of the Legislature that the Reception Center is not set up and maintained for reclassification of any convicted male person notwithstanding his age if

convicted and sentenced while being detained by virtue of a prior judgment of conviction who had on a prior occasion been classified at the Reception Center. It follows that the order of the Cayuga County Court dismissing the writ of error *coram nobis* should be affirmed and that the subsequent order of the same court committing appellant to the Elmira Reception Center without imposition of sentence (see *People ex rel. Johnson* v. *Martin,* 283 App. Div. 478) and vacating the prior sentence of imprisonment for a term of two and one-half to three years in Attica State Prison imposed on November 14, 1950, should be reversed and that sentence should be reinstated.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

Order dismissing writ affirmed. Order of commitment, designated as judgment of conviction in notice of appeal, reversed on the law and sentence imposed on November 14, 1950, reinstated.