■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. STANLEY SIMMONS, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Appeal from an order of the County Court of Clinton County, which dismissed a writ of habeas corpus. The facts surrounding the relator's conviction and sentence in the Cayuga County Court, November 14, 1950, for assault second degree committed while he was a prisoner at Attica State Prison are carefully reviewed in the opinion in the Fourth Department by Mr. Justice VAUGHAN in People v. Simmons (285 App. Div. 470) which was an appeal from certain orders and a judgment of the County Court of Cayuga. This habeas corpus proceeding is directed to a somewhat different question than there considered. It is based on the fact that the minutes of the court show that the court was properly convened on November 13, 1950, but do not show an adjournment to November 14th when the plea of guilty of the relator was taken in chambers. The minutes of the court show that the court was adjourned from November 13th to November 20th "for civil cases". The judgment of conviction shows that the sentence was entered "at an adjourned term" of the court held in chambers November 14, 1950. The proof in the prior coram nobis proceeding seems to have indicated that the case of relator was adjourned to November 14th at the request, or on consent, of relator. The record before us, however, merely indi-

cates that judgment was pronounced at an "adjourned term" of the court without proof of its adjournment to that date. We do not think it important on the jurisdictional question whether the court had been adjourned to chambers or to any particular room in the courthouse if in the courthouse at which the term was assigned to be held; and if it was open to the public; but whether the court was actually in session by adjournment may be important on the question of its jurisdiction to enter the judgment. A presumption attached to the recital in the judgment that it was entered at an adjourned term; but we would regard such a presumption as rebuttable by relator if not consistent with the actual facts. The relator would not presently be entitled to discharge on the writ, in any event, because the term of a prior judgment of conviction in the Kings County Court has not expired (*People ex rel. Mello* v. *McDonnell,* 281 App. Div. 970; *People ex rel. Monahan* v. *Jackson,* 276 App. Div. 887). Order dismissing writ unanimously affirmed, without prejudice to an appropriate proceeding in habeas corpus or *coram nobis* showing clearly the facts on which an absence of jurisdiction is claimed. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.