STATE *ex rel.* WALTER VARNEY, AN INFANT, *etc.*

*v.*

CLAUDE ELLIS, JUSTICE OF THE PEACE, LOGAN DISTRICT, LOGAN COUNTY, WEST VIRGINIA

(No. 12438)

Submitted April 11, 1965.         Decided May 18, 1965.

*Phillips & Wilson, Amos C. Wilson,* for relator.

*C. Donald Robertson,* Attorney General, *Simon Bailey, Leo Catsonis,* Assistant Attorneys General, for respondent.

CAPLAN, JUDGE:

This is an original proceeding in prohibition instituted in this Court in the name of the State of West Virginia at the relation of Walter Varney, an infant, who sues by his next friend, Jennings Varney. On March 8, 1965 this Court granted a rule to show cause, which rule was made returnable April 27, 1965. On the latter date the respondent filed an answer and a motion to confess error, together with a memorandum of authorities. This matter was then submitted for decision upon the petition and upon the aforesaid pleadings of the respondent.

It appears from the pleadings in this case that the petitioner on February 6, 1965, was arrested by a member of

the Department of Public Safety on a charge of driving while intoxicated and was placed in the Logan County jail. At approximately 11:30 A.M. on the next day, Sunday, February 7, 1965, the petitioner was removed from his jail cell and was taken to the jailer's office. There he was confronted by the respondent who purported to conduct a trial on the charge lodged against him. He was then returned to his jail cell and later that evening was released from custody.

Subsequent to his release the petitioner was informed that he had been tried and had entered a plea of guilty to the charge of "drunk driving", and that his uncle had paid his fine and costs. The petitioner here alleges that he did not receive a trial; that he did not enter a plea of guilty to any charge; and that the respondent abused and exceeded his powers in accepting the alleged guilty plea. He therefore prays that the respondent be prohibited from enforcing the purported plea of guilty allegedly made to the respondent in the office of the jailer of the Logan County jail.

The question presented here is whether a valid judgment could be rendered against the petitioner pursuant to the proceedings conducted by the respondent on Sunday, February 7, 1965. As noted in the respondent's motion to confess error, it is readily admitted that the trial of this petitioner was conducted in the office of the Logan County jailer. It is further admitted that such proceeding did not afford to the petitioner a public trial as contemplated by the laws of this state. In view of these admissions, the respondent says that the judgment rendered upon the petitioner's guilty plea is void and moves that said action be dismissed.

It is mandatory under the provisions of Article III, Section 14, of the West Virginia Constitution, that one charged with the commission of a crime or a misdemeanor shall be afforded a public trial. In the absence thereof no valid judgment can be rendered. As expressed in 14 Am. Jur., Criminal Law, Section 140, "A criminal trial should be public in the ordinary common-sense acceptation of the

term. * * * The term 'public', in its enlarged sense, takes in the entire community, the whole body politic; and a public trial means one which is not limited or restricted to any particular class of the community, but is open to the free observation of all."

Holding a trial in the office of the jailer, as was done in the instant case, does not, in our opinion, afford an opportunity for a public trial in the ordinary common-sense acceptation of the term, public trial. See *People* v. *Stangler* (Cal.), 111 P. 2d 397; *People* v. *Greeson*, 230 Mich. 124, 203 N. W. 141; *State* v. *Hensley*, 75 Ohio St. 255, 79 N. E. 462; *In Re Oliver*, 333 U. S. 257, 92 L. Ed. 682, 68 S. Ct. 499. The judgment rendered pursuant to such proceeding is therefore void and unenforceable.

A further meritorious reason for granting the relief prayed for is the fact that the petitioner was tried on a Sunday. At common law Sunday was a nonjudicial day and no judicial act or proceeding could be done or had on that day. *State ex rel. Staley* v. *Hereford*, 131 W. Va. 84, 45 S. E. 2d 738. Certainly a trial is a judicial proceeding which, in the absence of a statute providing otherwise, can not be conducted on a Sunday. It appears clear from the provisions of Code, 1931, 2-2-2, that the Legislature intended Sunday to be a nonjudicial day.

For the reasons stated, the writ of prohibition is awarded as prayed for in the petition.

*Writ awarded.*