## Richmond

OLIN D. JONES v. C. C. PEYTON, SUPERINTENDENT, ETC.

December 4, 1967.

Record No. 6484.

Present, Eggleston, C.J., and Buchanan, Snead, I'Anson and Gordon, JJ.

*David N. Montague* (*Montague, Cummings and Watkins*, on brief), for plaintiff in error.

*Overton P. Pollard, Assistant Attorney General* (*Robert Y. Button, Attorney General; Reno S. Harp, III, Assistant Attorney General*, on brief), for defendant in error.

I'ANSON, J., delivered the opinion of the court.

On October 3, 1960, Olin D. Jones, petitioner, was indicted by a grand jury in the Circuit Court of the City of Hampton on a charge of robbery, and on the following day James E. Lawrence, a member of the Hampton bar, was appointed to represent him. Upon his arraignment, on October 13, 1960, petitioner stood mute, and the court entered a plea of not guilty on his behalf. Trial by jury was waived by petitioner, and after hearing evidence the court found him guilty of robbery as charged in the indictment and fixed his punishment and sentenced him to nine years in the State penitentiary.

On June 18, 1965, petitioner filed in this court an original petition praying for the issuance of a writ of *habeas corpus ad subjiciendum* directed to the respondent, C. C. Peyton, Superintendent of the

Virginia State Penitentiary. He alleged that at his trial on October 13, 1960, he was denied effective representation of counsel and the right to a trial by jury. This court entered an order directing the court below to hold a plenary hearing on the allegations in the petition.

The court below appointed counsel for the petitioner, and the petition was subsequently amended to allege that Jones was also denied a public trial as guaranteed by the Federal and State Constitutions. After a plenary hearing, the trial court dismissed the petition and amended petition although it found as a fact that petitioner's trial was held in the judge's chambers. To this judgment we granted petitioner a writ of error.

The undisputed evidence in the habeas corpus hearing shows that on October 13, 1960, the petitioner and a co-defendant, William R. Harper, were removed from the Hampton city jail by the city sergeant and his deputy and taken through the Circuit Court courtroom to the trial judge's chambers. The door was closed after they entered the room. Present in the chambers were the trial judge, the clerk of the court, the Commonwealth's attorney, the prosecuting witness, two police officers, counsel for the petitioner, and counsel for the co-defendant. Petitioner and Harper were then arraigned on the robbery indictments. Harper entered a plea of guilty and the trial judge entered a plea of not guilty on behalf of petitioner, who waived trial by jury. The trial of both defendants was over in approximately ten to fifteen minutes. Each defendant was found guilty as charged and each received the same punishment. Petitioner and the co-defendant were then taken through the back door of the judge's chambers, down a flight of steps, and back to the city jail. Within a half an hour thereafter the penitentiary "wagon" arrived to pick up petitioner and Harper, and they were immediately transported to the penitentiary.

Petitioner's mother and sister and some of Harper's relatives were seated in the Circuit Court courtroom when petitioner and Harper passed through the courtroom into the judge's chambers. Petitioner's relatives did not see him, nor did he see them seated there. Shortly thereafter, while seated in the courtroom, petitioner's sister, who was prepared to testify on his behalf, saw the prosecuting witness, Peters, leave the Judge's chambers. She later inquired of a court attaché when petitioner's trial would be held and was told that he had already been tried and was on his way to the penitentiary.

Petitioner contends that his conviction is void because he was

denied the right to a public trial guaranteed by both the Federal and State Constitutions.

The Sixth Amendment of the United States Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *." Section 8 of the Constitution of Virginia provides, "That in criminal prosecutions a man hath a right * * * to a speedy trial by an impartial jury * * *."

The Supreme Court of the United States has held that the right to a public trial guaranteed in Federal criminal trials by the Sixth Amendment is so fundamental and essential to a fair trial that it is made applicable to State criminal trials through the due process clause of the Fourteenth Amendment. *In re Oliver*, 333 U. S. 257, 273, 68 S. Ct. 499, 504-507, 92 L. ed 682, 694 (1948); *Washington* v. *State of Texas*, 388 U. S. 14, 17-18, 87 S. Ct. 1920, 1922-1923, 18 L. ed. 2d 1019, 1022 (1967). See also, *Lewis* v. *Peyton*, 352 F.2d 791 (4th Cir. 1965).

Thus the crucial issue before us is whether the petitioner was denied his constitutional right to a "public trial" when he was tried and convicted of robbery on October 13, 1960. The power of the trial court, under Code § 19.1-246, to exclude from the trial all persons whose presence is not deemed necessary is not before us.

The ordinary common-sense acceptation of the term "public trial" is a trial which is not limited or restricted to any particular class of the community, but is open to the free observation of all. *Varney* v. *Ellis*, 149 W. Va. 522, 523-524, 142 S. E. 2d 63, 65 (1965); *People* v. *Greeson*, 230 Mich. 124, 143, 147, 203 N. W. 141, 148, 149 (1925); *State* v. *Hensley*, 75 Ohio St. 255, 79 N.E. 462, 9 L.R.A., N.S., 277 (1906); *In re Oliver, supra; Cembrook* v. *Sterling Drug, Inc.*, 231 Cal. App. 2d 52, 57-60, 41 Cal. Rptr. 492, 495-496 (1965).

The term "public trial" is generally associated with the idea of a trial in an open courtroom in which the proceedings are open to public view. However, the mere fact that petitioner was tried in the judge's chambers and not in open court does not in itself constitute a denial of a public trial. *People* v. *Terry*, 99 Cal. App. 2d 579, 583-584, 222 P. 2d 95, 99 (1950). Whether an accused has been deprived of his constitutional right to a public trial by holding it at other than in an "open courtroom" depends upon whether the public had freedom of access. Annot., 156 A.L.R. 265, 291 (1945); Supp. 48 A.L.R. 2d 1436, 1451 (1956); 21 Am. Jur. 2d, "Criminal Law" § 267, p. 303. It has been held that a trial in the judge's chambers did not constitute

a denial of a public trial where there was no exclusion of the public or where there was no affirmative proof in the record that the public had been excluded. *Fritz* v. *State*, 146 Tex. Crim. Rep. 451, 176 S. W. 2d 187 (1943); *People* v. *Terry, supra; People* v. *Hancasky*, 410 Ill. 148, 101 N. E. 2d 575 (1951); *People* v. *Simmons*, 285 App. Div. 470, 138 N.Y.S. 2d 97 (1955); *People* v. *Cash*, 52 Cal. 2d 841, 345 P. 2d 462 (1959).

It is perfectly manifest from the facts and circumstances here that petitioner was denied his constitutional right to a "public trial" in the ordinary common-sense acceptation of the term. While it is true that the trial court did not order persons excluded from his chambers while the trial was being held, it was held behind closed doors and was not open to the free observance of members of the community. The public did not have freedom of access to the judge's chambers at the time petitioner was tried. Persons present in the judge's chambers were attachés of the court and were not there as members of the public. Indeed, members of petitioner's family, one of whom was ready to testify in his behalf, waited in the courtroom for the trial to begin and were unaware that the trial was being held until informed that petitioner had already been tried, convicted, and was on his way to the penitentiary. Petitioner was afforded no opportunity to have a public trial, and he was tried " in camera."

Since petitioner was denied the right to a public trial guaranteed by the Sixth Amendment to the Federal Constitution, made applicable to the states in criminal proceedings through the Fourteenth Amendment, his conviction was void. Hence it is unnecessary to prolong this opinion by a discussion of the question whether the denial of a public trial violated Section 8 of the Constitution of Virginia.

The order appealed from is reversed, the conviction set aside, and the case is remanded to the Circuit Court of the City of Hampton with direction to issue the writ of habeas corpus and require that petitioner be returned to the custody of said court to be tried on the indictment here involved.

*Reversed and remanded.*