## Commonwealth v. Frantz

*Gerald R. Walmer* and *Oscar F. Spicer*, for Commonwealth.

*Daniel E. Teeter*, for defendant.

MACPHAIL, P. J., November 21, 1968.—Defendant has petitioned for the allowance of an appeal from the judgment and sentence of a justice of the peace.

On Sunday, August 5, 1967, defendant was arrested in the borough of Fairfield for speeding. He was taken before a justice of the peace and the transcript indicates that a hearing was held, defendant was found guilty and defendant was sentenced to pay a fine and costs. When the matter came on for hearing before us to dispose of the petition for allowance of appeal, the testimony indicated that the justice of the peace had held the hearing on Sunday because defendant demanded that he be given an immediate hearing.

At common law, Sunday was dies non juridicus (a nonjudicial day) and no judicial act or proceeding could be done or had on that day: Stern's Appeal, 64 Pa. 447 (1870) and State v. Ellis, 142 S.E. 2d 63 (W. Va. 1965). A trial is a judicial proceeding which, in the absence of a statute providing otherwise, cannot be conducted on a Sunday: State v. Ellis, supra. In other jurisdictions, appellate courts have held that various judicial acts undertaken on Sunday to be void: Baxter v. People, 8 Ill. 368; Moss v. State, 131 Tenn. 94; Guerrera v. State, 125 S.W. 2d 595 (Tex. Crim. App.).

There is no Pennsylvania statute specifically relating to this matter but since 1705 the service or execu-

tion of any writ, precept, warrant, order, judgment or decree (except in cases of treason, felony or breach of peace) in Pennsylvania on Sunday was void: 1 Sm. L. 25, section 4, (1705), 44 PS §1.

Section 1214 of The Vehicle Code, 75 PS §1214 provides, in pertinent part, as follows: "Any person so arrested on any day other than Sunday shall be given the opportunity of having an immediate hearing, or of waiving a hearing, or of giving bail, and any person so arrested on Sunday shall be given the opportunity of giving bail which shall be accepted by the magistrate the same as on any other day, as provided in this act, for a hearing before the magistrate to be held at a date not more than ten (10) days from the date of such arrest, or of waiving a hearing and giving bail for his appearance in court". We interpret this section to mean that if one is arrested on a week day he may (1) have an immediate hearing (2) waive a hearing or (3) give bail. However, if one is arrested on Sunday he may (1) waive a hearing and give bail for his appearance in court or (2) give bail for a hearing before the magistrate at a date not more than ten (10) days of such arrest. We believe that the legislature intentionally excluded the right of the offender to have an "immediate hearing" if he was arrested on Sunday and we believe that this was done in recognition of the common law status of Sunday as a nonjudicial day.

In the case before us, however, defendant demanded a hearing and the justice of the peace gave him one; this, in spite of the fact that defendant had no right to an immediate hearing on Sunday under the provisions of The Vehicle Code. This raises the narrow issue of whether the action of the justice of the peace here was void or was it merely irregular making it possible for defendant by insisting upon a hearing to waive the irregularity and thus give validity to the proceedings. If the hearing was void then, of course, defendant's

actions are irrelevant to a determination of that issue.

In New Castle v. Casacchia, 58 D. & C. 184 (1946), the Lawrence County Court held that as to matters such as hearing evidence, pronouncing judgment and imposing sentence "such proceedings are void". To the same effect is Commonwealth v. Bevill, 9 D. & C. 2d 519, 6 Bucks 166 (1956). However, the Lawrence County Court two years later held in Commonwealth v. Johns, 64 D. & C. 35 (1948), that where a defendant pleads guilty to an offense on Sunday and asks to be sentenced he can by such action disable himself from complaining about his sentence even though he could not have required the court to hear witnesses on Sunday or to pronounce sentence on Sunday. In Commonwealth v. Hendley, 5 D. & C. 716, (1924), the court held that in cases where defendant could be arrested on Sunday, a hearing could be held on Sunday. We disagree with Johns and Hendley and concur with Casacchia and Bevill. A void act is never, nor ever can be, binding either on the party in whom it originates or in others. A void thing, in legal effect is nothing and has no legal effect whatever. *Why* the justice of the peace held the hearing is of no matter. The hearing itself was void, the judgment was void and the proceedings were a nullity.

As a practical matter, we can visualize many circumstances where an offender under The Vehicle Code will be seriously prejudiced if he has to wait as long as 10 days for a hearing just because he was arrested on Sunday, whereas he could demand and receive an immediate hearing if he was arrested on Monday. However, the law is not always practical, and, whether a particular law is practical or not, it is the duty of the court to interpret the law as it is.

Under the law as it is at present, we hold that the hearing by the justice of the peace on Sunday for a

violation of the provisions of The Vehicle Code was void notwithstanding defendant's actions. In this particular case the hearing, the judgment and sentence of the justice of the peace constituted errors of law for which an appeal must be allowed.

### ORDER OF COURT

And now, this November 21, 1968, for the reasons stated, the petition for appeal is allowed. A hearing on the merits is fixed for December 17, 1968, at 10 a.m.