(64 App. Div. 410.)

### PEOPLE v. GARNER.

(Supreme Court, Appellate Division, Second Department. October 4, 1901.)

1. RAPE—EVIDENCE OF WIFE—CONFESSIONS.

On a prosecution for rape, the defendant cannot object to the testimony of his wife of confessions made to her by him, where the same were elicited by his attorney on cross-examination.

2. SAME.

On a prosecution for rape committed by defendant on his daughter, the defendant's wife was properly permitted to testify to confessions made by the defendant to her mother in her presence.

3. SAME.

On a prosecution for rape committed by defendant on his daughter, evidence that some time after the crime the daughter disclosed it to others, and complained thereof, was properly received.

4. SAME—INDICTMENT—ELECTION OF COUNTS.

Where an indictment contained two counts, one charging rape in the second degree, and the other assault in the second degree, and defendant was convicted of rape, which was proven, the refusal to compel an election between the two counts was not prejudicial to the defendant.

Appeal from Nassau county court.

George Garner was convicted of rape in the second degree, and he appeals. Affirmed.

Argued before WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

George Wallace, for appellant.
James P. Niemann, Dist. Atty., for the People.

HIRSCHBERG, J. The complainant was the daughter of the defendant, a child 15 years of age. The commission of the crime was proven by her direct evidence, and by the evidence of the farm hand Smith, and also by proof of defendant's admissions made to others. Various errors in ruling are alleged, however.

It is alleged that the court erred in permitting the defendant's wife to testify to his confessions. Assuming that it would be improper to permit a wife to testify to such confessions of guilt as privileged and confidential communications, it is a sufficient answer to this point to say that the court ruled upon the question in defendant's favor, and that the record discloses no testimony on the part of the wife of confessions made to her by the defendant excepting in answer to a question by the defendant's counsel on cross-examination. She was

allowed to testify to confessions made by the defendant to her mother in her presence, but such evidence was clearly competent.

It is further insisted that the court improperly admitted evidence of the disclosure of the occurrence by the complainant to others long after the event. Whatever evidence of this character appears in the record appears to have been received without objection, and while, in a proper case, we might reverse a conviction for the reception of illegal evidence, although no exception was taken, nothing appears here except the fact that the child did make some disclosures. What she said was not testified to by any witness, and the defendant cannot be deemed to be prejudiced by proof of the undoubted fact that some time after the commission of the crime his daughter complained of it, and made a charge against him.

The refusal of the court to compel the district attorney to make an election between the two counts of the indictment presents no error requiring reversal. The first count charged rape in the second degree, and the second count charged assault in the second degree. It may be that on the authority of People v. Aldrich (Sup.) 11 N. Y. Supp. 464, no conviction could have been had under the second count on the evidence herein. But as no request was made for a charge to that effect, and as the defendant was convicted of the main offense, the error which called for a reversal in the case cited, if it exist here, does not demand a similar result. In that case, under a like indictment, the defendant was convicted of the assault upon proof of the consummated rape, and it was held that he was convicted of a crime which was not proven. Here the conviction was of the crime which was proven. The case of People v. Flaherty, 162 N. Y. 532, 57 N. E. 73, cited by appellant, is not at all in point. There the prosecution was permitted to prove several offenses, and to make an election at the close of the people's case. Here but one offense was proven, and while the indictment may have contained a count for an offense not involved or embraced in the offense proved, and while such pleading may have been defective and demurrable, as the question was not properly raised, and the defendant has been convicted of the offense committed, proved, and charged, he cannot be said to have been prejudiced in a legal sense.

The other points raised have been duly considered, but none of them is deemed sufficient to demand a reversal of the judgment.

The judgment of conviction should be affirmed. All concur.