## Richmond

DALE CLINTON OSBORNE V. COMMONWEALTH OF VIRGINIA.

April 22, 1974.

Record No. 730742.

Present, All the Justices.

*Paul H. Miller, III,* for plaintiff in error.

*Wilburn C. Dibling, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

The defendant, Dale Clinton Osborne, was indicted, tried before a jury, and convicted of statutory rape, Code § 18.1-44, of his fifteen-year-old stepdaughter. The trial court sentenced him to serve a term of 20 years in the state penitentiary, the penalty fixed by the jury.

We granted a writ of error to review the defendant's claim that the trial court erred in admitting evidence of privileged communications between him and his wife contrary to the provisions of Code § 8-289.

The evidence of the prosecutrix established that the defendant engaged in sexual intercourse with her on at least six occasions between

September, 1972, and January, 1973, when she "ran away" from the defendant's home and went to the home of her natural father.

Defendant's wife, called as a Commonwealth's witness, testified that she became suspicious that the defendant was violating her daughter. She questioned the girl in October, 1972, in an effort to determine whether those suspicions were well founded. She first learned of defendant's illegal conduct in a conversation with her daughter on the second Sunday in October, 1972, but did not report this information to the police until January, 1973, after the girl had "run away." She further testified that she did not seek assistance from the police until then because she was afraid of the defendant. When asked why she was afraid of him, Mrs. Osborne was permitted, over objection, to testify that the defendant had beaten her and her daughter on several occasions. She stated that she was beaten, on one occasion, "to the point of unconsciousness."

The defendant says that this testimony should have been excluded under Code § 8-289 which provides, in pertinent part: "Neither husband nor wife shall, without the consent of the other, be examined in any case as to any communication privately made by one to the other while married . . . ."

While we have adopted the liberal view that privileged communications between husband and wife include all information or knowledge privately imparted and made known by one spouse to the other by virtue of and in consequence of the marital relation through conduct, acts, signs and spoken or written words, *Menefee* v. *Commonwealth*, 189 Va. 900, 912, 55 S.E.2d 9, 15 (1949), we find that a beating, such as was described by Mrs. Osborne, was not a communication for it did not impart knowledge or information made privileged by Code § 8-289.

While defendant's attorney was cross-examining Mrs. Osborne, the following exchange took place:

"Q   When [your daughter] told you that she had had sexual relations with your husband, did you believe her?
"A   Yes sir.
"Q   Immediately?
"A   Yes sir. I had no reason not to believe her. He had already threatened to take her in sex before. He had threatened me on several times, on several occasions."

The defendant now argues that this testimony revealed a privileged communication and that its admission was error.

At trial the witnesses had not been separated. Just before Mrs. Osborne testified, she had witnessed a rigorous cross-examination of her daughter in which defense counsel attempted to show that the prosecutrix was prone to exaggerate facts and had been untruthful on a number of prior occasions.

In these circumstances Mrs. Osborne's answer was clearly responsive to the question asked by her husband's attorney. Thus, by pursuing this line of examination, the defendant has waived his claim of privilege. *People* v. *Garner*, 64 App.Div. 410, 72 N.Y.Supp. 66, *aff'd. mem.*, 169 N.Y. 585, 62 N.E. 1099 (1901).

*Affirmed.*