COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Annunziata
Argued at Salem, Virginia


LATOVIA JOEL WHITEHEAD
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 0576-95-3    JUDGE ROSEMARIE ANNUNZIATA
                                          MAY 21, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                       James F. Ingram, Judge

            Lawrence D. Gott, Public Defender, for
            appellant.

            Michael T. Judge, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


     Appellant, Latovia Joel Whitehead, appeals his conviction of

sodomy in violation of Code § 18.2-67.1.  He contends the trial

court erred in allowing his wife to testify against him.  Finding

no error, we affirm.

                              I.

     The Commonwealth's evidence consisted solely of the

testimony of appellant's wife, Rhonda Whitehead ("Rhonda").

Rhonda testified that she was married to appellant and that she

and appellant were the parents of two girls, L., age 5, and a

younger child, O.  Appellant objected to further testimony on the

ground of spousal privilege.  The court overruled the objection,

stating that an exception to the spousal privilege rule applied

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

because appellant was being prosecuted for an offense allegedly committed against his and his wife's minor child.

Rhonda testified that she lived in an apartment with the two girls and that appellant, who was not on the lease, stayed there occasionally. She further testified that on the afternoon of July 2, 1994 she asked appellant to watch the girls while she went to the store. When she returned, Rhonda noticed that the volume of the television was turned up and that the front door was locked. Upon entering, she found O. asleep on the couch but saw neither appellant nor L. Rhonda searched the apartment for the two and, upon reaching the bathroom, found the door locked. She unlocked and opened the door to see L. standing against the tub and appellant standing, with his penis in the child's mouth. Rhonda asked appellant what he was doing, but he did not respond as he exited the bathroom. After "fussing" with his wife, appellant responded to her inquiry, stating that "she asked for it, and she wanted some."

## II.

Code § 19.2-271.2 provides, in part:

> In criminal cases husband and wife shall be allowed, and, subject to the rules of evidence governing other witnesses and subject to the exception stated in § 8.01-398, may be compelled to testify in behalf of each other, but neither shall be compelled, nor, without the consent of the other, allowed, to be called as a witness against the other, except (i) in the case of a prosecution for an offense committed by one against . . . a minor child of either, . . . .
>
> In the prosecution for a criminal offense as set forth . . . above, each shall

- 2 -

be a competent witness except as to privileged communications.

This statute protects two "separate and distinct" interests. <u>See</u> <u>Stewart v. Commonwealth</u>, 219 Va. 887, 893, 252 S.E.2d 329, 333 (1979); <u>Church v. Commonwealth</u>, 230 Va. 208, 212-13, 335 S.E.2d 823, 826 (1985). One interest is "[t]he privilege of an accused to prevent his spouse from testifying against him." <u>E.g.</u>, <u>Church</u>, 230 Va. at 212, 335 S.E.2d at 826. The other privilege "insur[es] the inviolability of confidential communications between spouses." <u>Id.</u>; <u>see also</u> Code § 8.01-398.

The statute sets out a clear exception to appellant's right to invoke his testimonial privilege inasmuch as he was prosecuted for an offense committed against his and his wife's minor child. Code § 19.2-271.2; <u>see also</u> <u>Cumbee v. Commonwealth</u>, 219 Va. 1132, 1137, 254 S.E.2d 112, 115-16 (1979).

Appellant's contention that his interspousal confidential communications privilege was violated is controlled by the holding in <u>Church</u>. Because appellant's objection at trial addressed only his testimonial privilege, his claim based on a violation of his interspousal confidential communications privilege is procedurally barred. <u>See</u> Rule 5A:18; <u>Church</u>, 230 Va. at 212-13, 335 S.E.2d at 826.

We find no reason to invoke the ends of justice exception to Rule 5A:18. Privileged communications include "all information or knowledge privately imparted and made known by one spouse to the other by virtue of and in consequence of the marital relation

- 3 -

through conduct, acts, signs, and spoken or written words." Edwards v. Commonwealth, 20 Va. App. 470, 474, 457 S.E.2d 797, 799 (1995) (interpreting privilege as set forth in Code § 8.01-398(A)) (quoting Menefee v. Commonwealth, 189 Va. 900, 912, 55 S.E.2d 9, 15 (1949)). Conduct which does not convey information to the other spouse, such as a husband's beating of his wife and daughter, is not privileged. Id. at 476, 457 S.E.2d at 800 (citing Osborne v. Commonwealth, 214 Va. 691, 692, 204 S.E.2d 289, 290 (1974)). We find appellant's argument that by placing his penis in his daughter's mouth he communicated privileged information to his wife is meritless.

Furthermore, even assuming husband's conduct was a communication of information, the privilege only protects confidential communications "of a secret nature between husband and wife." Id. at 474, 457 S.E.2d at 800 (quoting Menefee, 189 Va. at 907, 55 S.E.2d at 13). Admissibility depends on whether the communication was intended to be secret. Id. at 475, 457 S.E.2d at 800. Here, the evidence supports the inference that appellant intended his "communication" to be a secret from his wife, not a secret between the two.

Finally, in light of Rhonda's testimony that she saw appellant with his penis in their daughter's mouth, any error of the trial court allowing wife to testify as to appellant's statement that "she asked for it, and she wanted some" is likewise harmless. See Lavinder v. Commonwealth, 12 Va. App.

- 4 -

1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc).

Accordingly, appellant's conviction is affirmed.

_Affirmed._
