## CIRCUIT COURT OF PAGE COUNTY

Commonwealth of Virginia

v.

Brian A. Shifflett

June 16, 2000

Case No. CR00F00088

BY JUDGE JOHN J. MCGRATH, JR.

The Defendant, Brian Shifflett, was convicted in the lower court of brandishing a firearm and assault and battery on a family member. During the proceedings in the lower court, Defendant's wife testified against him pursuant to Va. Code § 19.2-271.2. The Defendant has now been indicted on the charge of possessing a firearm after having been convicted of a felony, and Defendant has moved this court to prohibit his wife from testifying against him in this proceeding. Defendant contends that because this charge is a violation against the Commonwealth and not a violation against his wife or another of the enumerated exceptions listed in Va. Code § 19.2-271.2 that she should not be allowed to testify against him.

In Virginia, there still exist two separate and distinct "marital privileges" with regard to testimony. *See Church v. Commonwealth*, 230 Va. 208, 212 (1985). The first is the privilege prohibiting a spouse from being compelled to testify against the other spouse. This privilege is determined at the time of trial and does not survive divorce. *See Stewart v. Commonwealth*, 219 Va. 887, 891 (1979) (stating "[t]he privilege of an accused to prevent his spouse from testifying against him is determined at the time of trial and depends upon the couple being validly married at the time.") In the past few years, Virginia

law has been significantly changed with regard to this type of "marital privilege." Prior to 1996, Va. Code § 19.2-271.2 stated "In criminal cases husband and wife shall be allowed . . . but neither shall be compelled, nor without the consent of the other, allowed, to be called as a witness against the other. . . ." In essence, this section mandated that the defendant-spouse, in any criminal proceeding, except in the enumerated exceptions, had to give the witness-spouse permission to testify against him or her. In short, the witness-spouse could not testify "without the consent of the other." In 1996, however, the Virginia Legislature radically changed this code section by removing the phrase "nor, without the consent of the other, allowed" from that section. As a result, the section now reads, "in criminal cases, husband and wife shall be allowed . . . but neither shall be compelled to be called as a witness against the other." Va. Code § 19.2-271.2. This change has effectively negated the "consent" requirement of the previous law. Therefore, in any criminal proceeding, a spouse *shall* be allowed to testify against the defendant spouse, if he or she so desires. However, no spouse may be *compelled* to testify against the other spouse if he or she does not want to.

The second "marital privilege" that relates to testimony is one concerning "inter-spousal communication." *See Church*, 208 Va. at 212. This privilege "is an entirely different privilege insuring the inviolability of confidential communications between spouses, which survives the dissolution of the marriage." *Id.* (citing *Stewart*, 219 Va. at 892-93). It is applicable in criminal trials by way of a cross-reference included in Va. Code § 19.2-271.2 to Va. Code § 8.01-398. *Id.* at 214. Virginia Code § 8.01-398 prohibits a spouse from testifying "in any action as to any communication privately made by one [spouse] to the other." Va. Code § 8.01-398. While this Court recognizes that "communication" includes "conduct, acts, signs and spoken or written words," it also recognizes that this conduct or act must "impart knowledge or information" to the other spouse in order to be considered a "communication." *See Menefee v. Commonwealth*, 189 Va. 900, 912 (1949). Furthermore, this "communication" must be such that it was intended to be "private" or "confidential." *See id.* at 907. The appellate courts of Virginia have also stated that "the purpose of the privilege is to preserve the "continued tranquility, integrity and confidence" of the marital relation, shielded and protected by the "inviolate veil of the marital sanctuary." *Edwards v. Commonwealth*, 20 Va. App. 470 (1995) (quoting *Menefee*, 189 Va. at 912). Moreover, while the Courts have recognized various acts as being "communication," the Supreme Court of Virginia has found that an act such as a husband's beating of his wife and daughter is not privileged because it "did not impart knowledge or information made privileged by Code § 8-289" (§ 8-289 was the predecessor

to the current § 8.01-398). *See Osborne v. Commonwealth*, 214 Va. 691, 692 (1974). Furthermore, in an unpublished opinion, the Court of Appeals found that, the "appellant's argument that by placing his penis in his daughter's mouth he communicated privileged information to his wife is meritless." *Whitehead v. Commonwealth*, 1996 Va. App. LEXIS 370 (Va. App. 1996). The Court stated that acts such as these do not impart knowledge or information to the other spouse and therefore, they are not privileged under Code § 8.01-398.

In the case at hand, the defendant's wife is willing to testify against him; therefore, Va. Code § 19.2-271.2 is not applicable, as it only relates to "compelled" testimony. As discussed earlier, the wife no longer needs her husband's permission to testify against him. Therefore, the only issue left is that of interspousal communication. In the case at hand, Shifflett pointed a firearm at his wife. Similar to the beating in *Osborne* and the sexual act in *Whitehead*, this is not an act or conduct that imparted any knowledge or information to his wife. Furthermore, it would not be in furtherance of the purpose stated by the court in *Edwards* and *Menefee* of "preserv[ing] the 'continued tranquility, integrity and confidence' of the marital relation . . ." to find that such acts are privileged communication. *See Edwards*, 20 Va. App. 470; *Menefee* 189 Va. at 912. Violent acts such as brandishing a firearm, assaulting a spouse or child and sexual assault are not ones that lead to a "tranquil" marriage. Finally, because of the exception outlined in Va. Code § 19.2-271.2, allowing a spouse to testify in a proceeding for domestic assault, the wife testified at Shifflett's criminal trial in Juvenile and Domestic Relations District Court. Once she testified at this trial, this information was made public. Therefore, the purpose of keeping this information confidential no longer exists in this case and the privilege of confidentiality has been breached or waived by prior public disclosure in the lower court. In light of the foregoing discussion, this Court overrules Defendant's Motion in Limine and will allow the Wife to testify in this proceeding.

The Clerk of the Court is directed to send certified copies of this order to John T. Hennessy, Esq., Attorney for the Commonwealth, and George Warren Shanks, Esq., Counsel for Defendant.