**Ralph GEISE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16048.**

United States Court of Appeals
Ninth Circuit.

April 16, 1959.

Arthur D. Talbot, Anchorage, Alaska, Edgar Paul Boyko, Los Angeles, Cal., for appellant.

William T. Plummer, U. S. Atty., George F. Boney, Asst. U. S. Atty., Anchorage, Alaska, for appellee.

Before POPE, MATHEWS and HEALY, Circuit Judges.

PER CURIAM.

The petition for a rehearing is denied. The gist of the matter here is that the rule is well settled that under the circumstances of this case some persons may properly be excluded from the court room. Cf. People v. Jelke, 308 N. Y. 56, 123 N.E.2d 769, 772, 48 A.L.R.2d 1425. That is our holding here. We also hold that appellant cannot complain of the failure of the court to revoke its exclusion order after the minor witness had testified, since appellant made no request therefor. That is particularly true in this case which is not an appeal from the conviction, but an attempted collateral attack on the judgment.

Petitioner does not question the possibility of appellant's waiving his

rights to such revocation of the order. Cf. Gibson v. United States, 9 Cir., 31 F.2d 19, 22. What he says is that "this overlooks the fact that the accused cannot waive the *public's* right to a public trial." The Sixth Amendment right to a public trial is a right of the accused, and of the accused only. Cf. United Press Ass'ns v. Valente, 308 N.Y. 71, 123 N.E. 2d 777, 781; United States v. Sorrentino, 3 Cir., 175 F.2d 721, 723.