BENTON, J.,
concurring.
When the police officer testified concerning Sherron Milton Ricks’s refusal to stop his vehicle after the officer activated his emergency lights, Ricks’s attorney objected to “the relevance” of the testimony of flight. It has long been the rule that in appropriate circumstances, evidence of flight is a circumstance that the trier of fact may consider as proof of consciousness of guilt. Jenkins v. Commonwealth, 132 Va. 692, 696, 111 S.E. 101, 103 (1922). Thus, at first blush, the general rule appears to suggest the objection was unwarranted. Ricks’s attorney argued, however, that the evidence was “maybe flight from something he did that evening[, but] ... not evidence of flight from anything that happened on the 7th,” which was the date of the homicide. Thus, Ricks’s attorney asserted the evidence *339 was too tenuous to establish a link between Ricks’s flight on September 12 and consciousness of guilt of the homicide of Desmond Boyd for which Ricks was on trial.
Analytically, evidence of flight is a basis from which a trier of fact may infer guilt by conduct, id.; United States v. Myers, 550 F.2d 1036, 1049 (5th Cir.1977), “but it should be cautiously considered, because it may be attributable to a number of other reasons other than consciousness of guilt” for the crime charged. Jenkins, 132 Va. at 696, 111 S.E. at 103. See United States v. Beahm, 664 F.2d 414, 419-20 (4th Cir.1981) (holding that “an inference [of guilt from flight] would be completely unfounded where a defendant flees after ‘commencement of an investigation’ unrelated to the crime charged, or of which the defendant was unaware”). “If the evidence is insufficient ‘to support a chain of unbroken inferences from the defendant’s behavior to the defendant’s guilt of the crime charged,’ a flight instruction is invalid and inappropriate.” Schlimme v. Commonwealth, 16 Va.App. 15, 28, 427 S.E.2d 431, 439 (1993) (Benton, J., dissenting) (citation omitted).
No evidence tended to prove that an arrest warrant had been issued for the homicide or that Ricks knew he was being investigated for the homicide. On the other hand, the evidence proved that when Ricks failed to heed the signal to stop, the police “had outstanding warrants” for Ricks’s arrest for other crimes. The officer had attempted to arrest Ricks on those outstanding warrants several days earlier, when he “stopped some people ... out in front of [Ricks’s] residence ... to see if he was ... one of the people.” When the officer detained those people, Ricks “was not ... [in the group but his] brother was there.” This evidence tends to prove Ricks was aware the police officers were seeking to arrest him on those outstanding warrants. Thus, when Ricks fled as the officer sought to detain him in his automobile, Ricks had not been accused of the homicide. Furthermore, the evidence proved the officer arrested Ricks only for those other offenses, not for homicide.
*340 In my view, the difficulty with admitting this evidence of “flight” in the homicide prosecution is that it has only slight probative value in proving consciousness of guilt concerning the homicide and that this slight probative value is outweighed by the prejudice it could engender. The Supreme Court has “consistently doubted the probative value in criminal trials of evidence that the accused fled the scene of an actual or supposed crime.” Wong Sun v. United States, 371 U.S. 471, 483 n. 10, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). See also Schlimme, 16 Va.App. at 30 n. 4, 427 S.E.2d at 440 n. 4 (Benton, J., dissenting) (noting “it is widely acknowledged that evidence of flight ... is ‘only marginally probative as to the ultimate issue of guilt or innocence’ ”). The evidence of flight in this ease was prejudicial to Ricks because it allowed the trier of fact to infer consciousness of guilt for this homicide when the evidence strongly suggests other impetus for the conduct. Cumbee v. Commonwealth, 219 Va. 1132, 1137-38, 254 S.E.2d 112, 116 (1979). Ricks was further prejudiced because the admission of this evidence placed upon him
an unconscionable burden of offering not only an innocent explanation for his departure but guilty ones as well in order to dispel the inference to which the government would apparently be entitled that an investigation calling upon [Ricks] could have but one purpose, namely, his apprehension for the crime for which he is ultimately charged.
Beahm, 664 F.2d at 420. I would hold the evidence was inadmissible for these reasons.
The issue then becomes whether the admission of the evidence “was harmless on this record.” Cumbee, 219 Va. at 1138, 254 S.E.2d at 116. See also United States v. Obi 239 F.3d 662, 666 (4th Cir.2001). I believe it was.
The evidence at trial proved that after the pursuit the officer arrested Ricks on charges unrelated to the homicide. While in custody on those charges, Ricks waived his Miranda rights and spoke to other officers who were investigating the homicide. After initially denying involvement in the homicide, Ricks admitted being with Boyd for the purpose of committing *341 robberies. He explained that he and Boyd argued, that they struggled over Boyd’s gun, and that Boyd suffered three gunshot wounds during the struggle for the gun. Ricks also told the officer he later sold the gun to Anthony Batey. After a stenographer prepared a written version of the recorded statements, Ricks signed the written confession.
Other evidence corroborated Ricks’s confession. Batey testified that Ricks sold him the gun. The evidence also proved the police recovered the gun with Batey’s assistance and sent it for forensic testing. The forensic examiner testified that the bullet, which had been recovered from Boyd’s body, was fired from the gun the police recovered.
Ricks testified and denied that he killed Boyd. He said that he had consumed alcohol and marijuana the day the police arrested him and that he had given a false confession after the police intimidated and threatened him. He also testified that he sold a different gun to Batey than exhibited at trial.
From the circumstances surrounding the arrest and interrogation, the trial judge found no credible evidence that Ricks was under the influence of any substance when he confessed to the killing. He also found that' the confession was voluntary and credible, that Ricks’s trial testimony was not believable, and that the evidence was sufficient to prove beyond a reasonable doubt Ricks committed murder using the firearm.
Although the trial judge admitted in evidence the circumstances surrounding the arrest, the prosecutor did not again comment upon the issue of flight during trial or argument. The significant and overwhelming fact supporting the conviction was Ricks’s confession. I believe “we can say, ‘with fair assurance, after pondering all that happened without stripping the erroneous action from the whole,’ that it plainly appears that [Ricks] has had a fair trial and the verdict and judgment were not substantially affected by ... [the error].” Clay v. Commonwealth, 262 Va. 253, 261, 546 S.E.2d 728, 732 (2001). Thus, the error was harmless.
For these reasons, I concur in the judgment affirming the convictions.