# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Eric Silver

December 2, 2015

Case No. (Criminal) CR15-93

By Judge David W. Lannetti

Today the Court rules on the Commonwealth's Motion *in Limine* to allow evidence of subsequent bad acts of the defendant, Eric Silver, which the Commonwealth claims are probative of the charges against him, as well as testimony about a complaint made by the alleged victim to her high school guidance counselor regarding alleged ongoing sexual abuse, which the Commonwealth claims will corroborate the testimony of the alleged victim. The specific issues before the Court are: (1) whether, under the circumstances, allegations of subsequent sexual abuse by Silver are admissible because they are sufficiently probative of the current charges of taking indecent liberties with children; and (2) whether testimony regarding the alleged victim's complaint of ongoing sexual abuse by Silver made to her high school guidance counselor approximately nine years after the offenses currently before the Court falls within the recent complaint exception to the hearsay rule. Because Silver's alleged subsequent bad acts are sufficiently probative of the charges before the Court and because the guidance counselor's testimony regarding the fact that the alleged victim made a complaint with respect to Silver taking indecent liberties with her in Norfolk falls within the recent complaint exception to the hearsay rule, the Motion *in Limine* is granted in part and denied in part.

*Background*

On January 21, 2015, Silver was indicted on three counts of taking indecent liberties with children. The Commonwealth alleges that, between January 1, 1968, and June 30, 1970, Silver repeatedly and continually sexually abused his daughter, the alleged victim in this case, within the City of Norfolk. (Tr. 5-6.) The Commonwealth asserts that this abuse continued once Silver and his daughter moved from Norfolk to several other jurisdictions in the United States and Canada. (Tr. 7.) In 1979 or 1980, while residing in the city of Winnipeg in Manitoba, Canada, and while the alleged abuse was ongoing, the Commonwealth contends that the alleged victim confided in her high school guidance counselor about the alleged long-term sexual abuse. (Tr. 15.)

The Commonwealth filed the Motion *in Limine* on October 6, 2015, seeking admission at trial of evidence related to Silver's alleged subsequent bad acts of sexual abuse, which allegedly occurred after Silver moved from Norfolk, as well as testimony regarding the daughter's complaint of the alleged ongoing sexual abuse to her high school guidance counselor. The parties were before the Court for a hearing on the motion on October 8, 2015. The Court granted leave for the parties to file post-hearing briefs on the issues.

*Positions of the Parties*

A. *Commonwealth's Motion in Limine*

The Commonwealth argues that evidence of Silver's subsequent bad acts should be admissible at trial because it is relevant to prove, *inter alia,* one or more elements or issues in the instant case. Specifically, the Commonwealth argues that the subsequent bad acts, consisting of alleged sexual assaults, will: (1) tend to show that Silver acted knowingly and with lascivious intent and that he had the opportunity to commit the offenses with which he is charged; (2) demonstrate a common scheme or plan related to the offenses; (3) show the conduct or attitude of Silver toward the alleged victim; and (4) establish the relationship between Silver and the alleged victim to negate the possibility of accident or mistake. (Mot. *in Limine* 2.) The Commonwealth further argues that "evidence of Silver's subsequent bad acts will assist the trier of fact in considering why the victim had not disclosed the abuse until the age of sixteen." (*Id.* at 3.)

The Commonwealth also argues that testimony regarding the alleged victim's 1979 or 1980 complaint of the alleged ongoing sexual abuse is admissible pursuant to the recent complaint exception to the hearsay rule. (Tr. 15.) Specifically, the Commonwealth contends that the recent complaint is allowed by statute and is relevant because it relates to the criminal acts for which Silver is charged, as "the victim reported the entire and ongoing

history of abuse, starting with the acts committed when the victim was six years old and living in Norfolk." (Resp. to Memo. Opp. Mot. *in Limine* 7.)

## B. *Silver's Response*

Silver responds that evidence of his alleged subsequent bad acts is inadmissible here because "the prejudice . . . far outweighs any probative value" and because any probative value the Court might find from the evidence is negated by the remoteness of the alleged subsequent bad acts. (Memo. Opp. Mot. *in Limine* 6.)

With respect to the recent complaint exception to the hearsay rule, Silver contends that it does not apply here because: (1) Silver was indicted for a violation of § 18.1-213 of the Code of Virginia, which is not one of the exceptions delineated in § 19.2-268.2 of the Code; (2) Section 18.2-2 of the Code requires that prosecutions for offenses committed prior to October 1, 1975, are governed by prior law; and (3) prior to 1993, the common law recent complaint hearsay exception did not apply to prosecutions for offenses other than rape. (*Id.* at 2-4.) Silver further argues that if the Court finds the recent complaint hearsay exception applicable, the evidence nevertheless should be excluded because: (1) the nine-year gap between the alleged offense and the complaint demonstrates that the complaint is not recent; and (2) "the complaint raised by the alleged victim is not related to the acts alleged in the indictments." (*Id.* at 4.)

## *Analysis*

## A. *Legal Standard*

Evidence of a defendant's subsequent bad acts, like his prior bad acts, is generally inadmissible. *See, e.g., Cumbee v. Commonwealth,* 219 Va. 1132, 1138, 254 S.E.2d 112, 116 (1979) ("The probative value, if any, of such evidence, remote in time and circumstance to the commission of the subject crime, is far outweighed by the prejudicial nature of such evidence."); *Kirkpatrick v. Commonwealth,* 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970) ("The general rule is well established that, in a criminal prosecution, proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times, even though they are of the same nature as the one charged in the indictment, is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged."). This is because "such evidence implicating an accused in other crimes unrelated to the charged offense . . . may confuse the issues being tried and cause undue prejudice to the defendant." *Guill v. Commonwealth,* 255 Va. 134, 138, 495 S.E.2d 489, 491 (1998).

The Supreme Court of Virginia has recognized exceptions to this general rule, however, where such evidence:

shows the conduct and feeling of the accused toward his victim, if it establishes their prior relations, or if it tends to prove any element of the offense charged. Such evidence is permissible in cases where the motive, intent, or knowledge of the accused is involved, or where the evidence is connected with or leads up to the offense for which the accused is on trial. Also, testimony of other crimes is admissible where the other crimes constitute a part of the general scheme of which the crime charged is a part.

*Kirkpatrick*, 211 Va. at 272, 176 S.E.2d at 805.

[E]vidence which shows or tends to show the accused guilty of the commission of other offenses at other times is inadmissible if its only relevancy is to show the character of the accused or his disposition to commit an offense similar to that charged; but if such evidence tends to prove *any other relevant fact* of the offense charged, and is otherwise admissible, it will not be excluded merely because it also shows him to have been guilty of another crime.

*Day v. Commonwealth*, 196 Va. 907, 914, 86 S.E.2d 23, 26-27 (1955) (emphasis added).

This exception to the general prohibition against evidence of subsequent bad acts, to prove other relevant facts of the offense charged, has been recognized by the Virginia Supreme Court repeatedly where there are multiple assaults against the same victim, and particularly when incestuous relationships are involved. *See, e.g., Ortiz v. Commonwealth*, 276 Va. 705, 714-15, 667 S.E.2d 751, 757 (2008); *Moore v. Commonwealth*, 222 Va. 72, 77, 278 S.E.2d 822, 825 (1981); *Brown v. Commonwealth*, 208 Va. 512, 516-17, 158 S.E.2d 663, 667 (1968). In such prosecutions:

evidence of acts of incestuous intercourse between the parties other than those charged in the indictment, whether prior or subsequent thereto, is, if not too remote in point of time, admissible for the purpose of throwing light upon the relations of the parties and the incestuous disposition of the defendant toward the other party, and to corroborate the proof of the act relied upon for conviction. The fact that some of the other offenses were remote in point of time from the act under investigation does not itself render such evidence incompetent where the acts were repeatedly done up to a comparatively recent point and were all apparently inspired by one purpose.

*Brown*, 208 Va. at 516-17, 158 S.E.2d at 757 (quoting 27 Am. Jur., *Incest*, § 15). Although the acts charged in the indictments here do not include

"sexual intercourse," the alleged incestuous relationship between Silver and his alleged victim is analogous.

Trial courts have broad discretion to admit evidence, and the proper analysis regarding its admissibility, including evidence of unadjudicated bad acts, is whether it is sufficiently relevant to prove a material fact. *Buck v. Commonwealth*, 2000 Va. App. LEXIS 12, at *4.[1] With respect to subsequent bad acts evidence, in addition to satisfying one of the exceptions in the subsequent bad acts rule, "the legitimate probative value of the evidence must exceed the incidental prejudice caused the defendant." *Guill*, 255 Va. at 139, 495 S.E.2d at 941-92.

The recent sexual assault complaint exception to the hearsay rule is derived from common law and was codified in 1993 as § 19.2-268.2 of the Code of Virginia. According to Professor Friend, the recent complaint rule "is usually described as an 'exception' to the hearsay rule, but it is also related to the principle . . . that a statement is 'not hearsay' if offered solely to prove that the statement was made." Charles E. Friend, *The Law of Evidence in Virginia*, § 15-31, at 1073-74 (7th ed. 2012). *Terry v. Commonwealth*, 24 Va. App. 627, 631-33, 484 S.E.2d 614, 616-617 (1997). The statute provides:

> Notwithstanding any other provision of law, in any prosecution for criminal sexual assault under Article 7 (§ 18.2-61 *et seq.*) of Chapter 4 of Title 18.2, a violation of §§ 18.2-361, 18.2-366, 18.2-370 or § 18.2-370.1, the fact that the person injured made complaint of the offense recently after commission of the offense is admissible, not as independent evidence of the offense, but for the purpose of corroborating the testimony of the complaining witness.

Va. Code Ann. § 19.2-268.2 (1950 & Supp. 1993). Of note, virtually identical language was included in the Virginia Rules of Evidence when those rules were adopted in 2012 and remains today. *See* Va. R. Evid. 2:803(23). Not until the enactment of the statutory recent complaint hearsay exception in 1993, however, was the rule in Virginia expanded to include sodomy, aggravated sexual battery, fornication, and taking indecent liberties with children. *See Terry*, 24 Va. App. at 633, 484 S.E.2d at 617; Charles E. Friend, *The Law of Evidence in Virginia*, § 15-31, at 1074 (7th ed. 2012).

Discussing the effect of the repeal of Title 18.1 and the simultaneous enactment of Title 18.2, § 18.2-2 of the Code of Virginia states, in pertinent

---

[1] As is appropriate, the Court does not consider the unpublished Court of Appeals Opinion to hold precedential value. The Court instead considers the rationale offered by the Court of Appeals to the extent that the Court finds it persuasive, which is permissible. *See Fairfax Cnty. Sch. Bd. v. Rose*, 29 Va. App. 32, 39, n. 3, 509 S.E.2d 525, 528 (1999) ("[A]lthough an unpublished opinion . . . has no precedential value . . . a court . . . does not err by considering the rationale in adopting it to the extent it is persuasive.).

part, "Except as herein otherwise provided, neither the repeal of Title 18.1 nor the enactment of this title shall apply to offenses committed prior to October 1, 1975, and prosecutions for such offenses shall be governed by the prior law, which is continued in effect for that purpose."

With respect to the recent complaint hearsay exception, courts have repeatedly recognized:

> [T]he "only time requirement is that the complaint have been made without a delay *which is unexplained or is inconsistent with the occurrence of the offense.*" The initial determination of timeliness under the recent complaint rule is committed to the sound discretion of the trial court, and thereafter, timeliness is a matter for the trier of fact to consider in weighing the evidence.

*Woodard v. Commonwealth*, 19 Va. App. 24, 27, 448 S.E.2d 328, 330 (1994) (quoting Edward W. Cleary, *McCormick on Evidence*, § 297 (3d ed. 1984)).

When the recent complaint hearsay exception applies, "the fact that the victim made a complaint is admissible, but any details of the alleged incident described in that complaint remain inadmissible." *Wilson v. Commonwealth*, 46 Va. App. 73, 83, 615 S.E.2d 500, 505 (2005).

### Discussion

The Court has considered the Motion *in Limine*, oral argument at the October 8, 2015, hearing, post-hearing briefs submitted by the parties, and applicable authorities. The Court now rules on the issues before it.

### A. *Evidence of Silver's Alleged Subsequent Bad Acts Is Admissible*

In addition to the offenses for which Silver has been charged and indicted, the Commonwealth alleges that Silver committed similar, ongoing, and escalating sexual assaults against his daughter during the decade after the two of them moved away from the City of Norfolk. Courts have generally held that, although subsequent bad acts are not admissible to prove the accused committed the offense charged, evidence of similar subsequent bad acts, particularly when committed against the same victim, are admissible to "show the disposition of the defendant with respect to the particular act charged." *Waitt v. Commonwealth*, 207 Va. 230, 235, 148 S.E.2d 805, 809 (1966).

In *Ortiz v. Commonwealth*, the defendant was convicted of raping his step-granddaughter at his home in Arlington, Virginia, between January 1, 2003, and December 31, 2005. 276 Va. at 710-12, 667 S.E.2d at 754-55. The Virginia Supreme Court upheld the trial court's admission of evidence of subsequent sexual assaults — related to ongoing sexual abuse — committed by the defendant against the same victim in Greenbelt, Maryland, in 2006.

*Id.* The court held that evidence of the defendant's subsequent act of sexual abuse against the victim was relevant: "to show the conduct or attitude of Ortiz toward the child, to prove motive or method of committing the rape, to prove an element of the crime charged, or to negate the possibility of accident or mistake." *Id.* at 715, 667 S.E.2d at 757. The Court further held that the alleged subsequent abuse "was not so remote that it lacked significant value." *Id.* at 716, 667 S.E.2d at 758.

In the present case, as in *Ortiz*, the defendant is charged with incestuous acts. Evidence of other incestuous acts allegedly committed subsequent to those charged in the indictments is particularly relevant to prove Silver's disposition and relationship toward his daughter, *i.e.*, the alleged victim. Although some of the alleged subsequent acts the Commonwealth seeks to admit are temporally remote from the charges before the Court, Silver is alleged to have committed these subsequent acts as part of an ongoing chain of sexual abuse against his daughter that extended more than a decade, a chain anchored by the acts charged in the indictments. The evidence of Silver's alleged subsequent bad acts, therefore, is competent and may be used to show, *inter alia*, Silver's relationship with his alleged victim and his alleged incestuous purpose. *See Brown*, 208 Va. at 516-17, 158 S.E.2d at 667 ("The fact that some of the other offenses were remote in point of time from the act under investigation does not of itself render such evidence incompetent, where the acts were repeatedly done up to a comparatively recent period and were all apparently inspired by one purpose.").

In *Brown*, the court held admissible repeated assaults by the defendant against his daughter that occurred several years *prior* to the incident charged in the indictment. 208 Va. 512, 516-17, 158 S.E.2d 663, 667 (1968). The court's statement that the acts were done "up to a comparatively recent period" references their proximity to the offenses charged. The *Brown* court's holding is congruent with this Court's, which likewise places weight on the proximity between the acts charged in the indictments and the *subsequent* acts that the Commonwealth seeks to introduce.

The Court does not find persuasive Silver's argument that the admission of his alleged subsequent bad acts is more prejudicial than probative. The Court instead finds persuasive the various precedential cases, including *Ortiz, Moore*, and *Brown*, that held similar prior and subsequent bad acts to be admissible.

Evidence of Silver's alleged subsequent bad acts admittedly is prejudicial; however, "this is the case with most prosecution evidence." *Stockton v. Commonwealth*, 227 Va. 124, 143, 314 S.E.2d 371, 383 (1984). The subsequent bad acts evidence nevertheless offers substantial probative value by, as mentioned above, disclosing the relationship between Silver and his daughter, including Silver's alleged incestuous disposition. Based on the Commonwealth's proffer, such evidence also may serve to: demonstrate Silver's conduct or attitude toward his daughter; show his motive or method

of allegedly taking indecent liberties; demonstrate a common scheme or plan related to taking the alleged indecent liberties; or negate the possibility of accident or mistake. Further, such evidence, if accepted by the factfinder, may serve to prove an element of the crime, *i.e.,* that Silver acted knowingly, intentionally, and with lascivious intent, and/or that he had the opportunity to commit the offenses with which he is charged.

Silver also objects to admission of the alleged subsequent bad acts because these acts "are far more serious than the acts for which he is to stand trial," claiming that admission of such evidence would be "unduly prejudicial." Nevertheless, evidence of escalating sexual conduct may be appropriate to prove knowing and intentional conduct or the requisite lascivious intent, or to negate the possibility of accident or mistake. *See, e.g., Moore,* 222 Va. at 75, 77, 278 S.E.2d at 824-25 (admitting evidence of attempted sexual acts as probative evidence regarding charges of fondling). Similarly, admission of evidence in this case of Silver's alleged subsequent sexual acts, although "far more serious" than the charges in the indictments, is appropriate to prove, *inter alia,* that Silver's conduct was knowing and intentional, that Silver possessed the required lascivious intent, and/or to negate any assertion by Silver that taking the alleged indecent liberties was accidental or mistaken.

The Court, therefore, finds that, considering all of the circumstances, the legitimate probative value of the subsequent bad acts evidence exceeds any incidental prejudice to Silver. Such evidence, therefore, is admissible for purposes other than to demonstrate the character of Silver or his disposition to commit the indicted offenses.

B. *The Recent Sexual Assault Complaint Hearsay Exception Applies to the Statute under Which Silver Was Charged*

Silver allegedly assaulted his daughter between 1968 and 1970 in the City of Norfolk. At that time, criminal acts and offenses were governed by Title 18.1 of the Code of Virginia. Title 18.1 was repealed effective October 1, 1975; however, except as otherwise provided by the Code, prosecutions for offenses committed prior to October 1, 1975, continued to be governed by prior law, which remained in effect for that purpose. Va. Code Ann. § 18.2-2 (1950 & Supp. 1975).

Because the recent complaint hearsay exception, which was codified in 1993 at § 19.2-268.2 of the Code of Virginia, specifically states that it applies to prosecutions for violations of §§ 18.2-361, 18.2-366, 18.2-370, or 18.2-370.1, the statute impliedly excludes applicability to prosecutions under any other Section of the Code. Silver was indicted under § 18.1-215, which is not one of the statutes enumerated in § 19.2-268.2.

The statute under which Silver was charged, § 18.1-215 of the Code of Virginia, stated as follows *at the time of the indicted offenses:*

Any person twenty-one years of age or over who, with lascivious intent, shall knowingly and intentionally:

(1) Place, or attempt to place, his or her hand or hands, or any portion of his or her hand or hands, upon or against a sexual or genital part of any child under the age of fourteen years to whom such person is not legally married; or

(2) In any way or manner fondle or feel, or attempt to fondle or feel, of a sexual or genital part of any child under the age of fourteen years to whom such person is not legally married; or

(3) Place, or attempt to place, his or her hand or hands, or any part of his or her hands, upon the breast of a female under the age of fourteen years to whom such person is not legally married; or

(4) In any way or manner fondle or feel, or attempt to fondle or feel, the breast of a female under the age of fourteen to whom such person is not legally married, shall be guilty of a felony and shall be confined in the penitentiary not less than two nor more than five years or, in the discretion of the jury or the court trying the case without a jury, confined in jail not more than twelve months or fined not more than five hundred dollars, or both.

Va. Code Ann. § 18.1-215 (1950). In 1973, § 18.1-215 was amended, substituting "eighteen years of age" for "twenty-one years of age." Va. Code Ann. § 18.1-215 (1950 & Supp. 1973).

When Title 18.1 was repealed in 1975, the legislature simultaneously enacted Title 18.2 to replace the repealed statutes. The law prohibiting taking indecent liberties with children was re-codified as § 18.2-370 of the Code. That statute, as enacted, states:

Any person eighteen years of age or over, who, with lascivious intent, shall knowingly and intentionally:

(1) Expose his or her sexual or genital parts to any child under the age of fourteen years to whom such person is not legally married; or

(2) In any manner fondle or feel, or attempt to fondle or feel, the sexual or genital part of any such child, or the breast of any such female child; or

(3) Propose that any such child feel or fondle the sexual or genital parts of such person; or

(4) Propose to such child the performance of an act of sexual intercourse or any act constituting an offense under § 18.2-361; or

(5) Entice, allure, persuade, or invite any child to enter any vehicle, room, house, or other place, for any of the purposes set forth in the preceding subparagraphs of this section;
  Shall be guilty of a Class 6 felony.

Va. Code Ann. § 18.2-370 (1950 & Supp. 1975). Significantly, the history notation at the end of § 18.2-370 expressly references "Code 1950, §§ 18.1-213 to 18.1-215," signifying that the re-codified indecent liberties statute encompasses former §§ 18.1-213 to 18.1-215. *Id.*

The Supreme Court of Virginia has impliedly held that § 18.2-370 of the Code of Virginia is equivalent to the statutes it replaced. *See, e.g., Campbell v. Commonwealth,* 227 Va. 196, 313 S.E.2d 402 (1984). In *Campbell,* when analyzing a conviction under § 18.2-370, the court noted, "The statute involved in this appeal has been considered by the Court in two previous cases." *Id.* at 198, 313 S.E.2d at 403 (citing *Breeding v. Commonwealth,* 213 Va. 344, 192 S.E.2d 807 (1972); *McKeon v. Commonwealth,* 211 Va. 24, 175 S.E.2d 282 (1970)). Both cited cases were decided prior to the enactment of Title 18.2 in 1975 and, in fact, interpreted § 18.1-214 of the Code, one of the statutes encompassed and replaced by § 18.2-370. *Id.*

This Court likewise is satisfied that §§ 18.1-215 and 18.2-370 of the Code of Virginia are equivalent. When the current sexual assault complaint hearsay exception, codified at § 19.2-268.2, states that it applies to charges for violations under § 18.2-370, the Court therefore finds that it encompasses prior versions of that statute, including § 18.1-215, the statute under which Silver was charged.

Although not directly raised by Silver, the Court further notes that application of the recent complaint hearsay exception to § 18.1-215 does not raise an *ex post facto* concern. On brief, Silver indirectly presents an *ex post facto* argument, claiming that § 18.1-215 of the Code of Virginia is not one of the exceptions delineated in § 19.2-268.2. (Memo. Opp. Mot. *in Limine* 2-4.) The applicability of the relevant hearsay exception is a mere procedural change that "does 'not increase the punishment nor change the ingredients of the offense or the ultimate facts necessary to establish guilt'." *Pilcher v. Commonwealth,* 41 Va. App. 158, 163, 583 S.E.2d 70, 72 (2003) (quoting *Hopt v. Utah,* 110 U.S. 574, 590 (1884)) (holding that application of the rape shield law to a case in which the underlying events occurred prior to the enactment of the rape shield law was not a violation of the Constitutional prohibition against *ex post facto* laws); *see also Carpenter v. Commonwealth,* 51 Va. App. 84, 91-93, 654 S.E.2d 345, 349 (2007) (citing *Carmell v. Texas,* 529 U.S. 513, 518, n. 2 (2000); *Culbertson v. Commonwealth,* 137 Va. 752, 755, 119 S.E. 87, 87 (1923); *McClain v. Commonwealth,* 189 Va. 847, 858, 55 S.E.2d 49, 54-55 (1949); *Pilcher,* 41 Va. App. at 167, 583 S.E.2d at 74)) (noting that "cases interpreting the Ex Post Facto Clause draw a distinction between the retroactive application of laws that change the legal sufficiency of the evidence required to convict

and the retroactive application of laws that merely concern the competency or admissibility of evidence" and that "Virginia decisions also make the distinction between changes to the ordinary rules of evidence and changes to rules affecting the sufficiency of the evidence needed to obtain a conviction").

For the above reasons, the Court finds that the recent sexual assault complaint hearsay exception applies to § 18.1-215 of the Code of Virginia, under which Silver was charged in the indictments.

## C. *Testimony Regarding the Fact That the Alleged Victim Complained to Her Guidance Counselor about Silver's Allegedly Taking Indecent Liberties with Her Is Admissible*

Having found that the recent complaint hearsay exception applies to the statute under which Silver was indicted, the Court now must decide whether, under the facts of this case, the alleged victim's report of sexual abuse to her high school guidance counselor is admissible as a recent complaint of sexual assault that qualifies as an exception to the hearsay rule.

In *Williams v. Commonwealth*, the Virginia Court of Appeals, when analyzing the recent complaint exception to the hearsay rule, upheld the admissibility of a thirteen-year-old victim's letter to her guidance counselor informing the counselor of the sexual abuse she allegedly had suffered at home. 2008 Va. App. LEXIS 460. On appeal, the alleged abuser objected to the timeliness of the complaint, arguing that "the evidence failed to adequately explain the twenty-month delay between the offense and the complaint." *Id.* at *5. The court noted that "the recent complaint rule's 'only time requirement is that the complaint have been made without delay which is unexplained or is inconsistent with the occurrence of the offense'." *Id.* (quoting *Woodard*, 19 Va. App. at 27, 448 S.E.2d at 330). The *Williams* court held that "the delay in reporting the offense was adequately explained by the victim"; specifically, "she did not think that anyone would believe her," and she "was concerned about her niece's father going to jail." *Id.* at *6.

In *Wilson v. Commonwealth*, the court similarly held that the ten-month delay in reporting sexual abuse was adequately explained by the victim, given her "age, the ongoing nature of the abuse, and the family relationship between the parties." 46 Va. App. at 85, 614 S.E.2d at 506; *see also Brown v. Commonwealth*, 37 Va. App. 169, 173, 554 S.E.2d 711, 713 (2001) (holding that the eleven-year-old victim's twenty-one-month delay in reporting her grandfather's inappropriate sexual conduct was adequately explained where the child testified that "she did not tell anyone about the incident because her grandfather told her not to tell," she "did not think anybody was going to believe her," and "she felt scared and threatened" by the defendant); *Terry*, 24 Va. App. at 636, 484 S.E. 2d at 618 (holding that the twelve-year-old victim adequately explained her ten-month delay in reporting where the

victim "was afraid her mother would not believe her because the defendant was her mother's good friend," and she was afraid that, if she told her father, "he would hurt the defendant and end up in jail"); *Woodard*, 19 Va. App. at 28, 448 S.E.2d at 330 (holding that the thirteen-year-old victim's two-month delay in reporting her rape "is explained by and completely consistent with the all too common circumstances surrounding sexual assault on minors — fear of disbelief by others and threat of further harm from the assailant"); *cf. Lindsey v. Commonwealth*, 22 Va. App. 11, 16-17, 467 S.E.2d 824, 827 (1996) (holding that a letter written by a thirteen-year-old victim two years after her alleged rape was admissible, reasoning that the "issue of the two-year delay was one of credibility," not admissibility).

Silver characterizes the delay in reporting the sexual abuse in the present case as being between June 30, 1970, when Silver's alleged offenses last were under the jurisdiction of this Court, and 1979 or 1980, when the report to the guidance counselor was made. Although this delay admittedly is longer than that in any of the cases cited above, it, unlike the delay in the other decisions discussed, is driven by jurisdictional considerations. The delay here is not between the end of the sexual abuse and a subsequent complaint; rather, the alleged victim's complaint to the high school guidance counselor apparently was made *while the alleged ongoing sexual abuse was still occurring*. More importantly, the relevant issue is not the time interval between the abuse and the complaint; rather, "the only time requirement is that the complaint have been made without a delay which is *unexplained or is inconsistent with the occurrence of the offense*." Although early case law, which grew out of the "hue and cry" rule, required that the complaint be made soon after the sexual assault — then limited to rape — this requirement does not exist in the "modern rule." *Wilson v. Commonwealth*, 46 Va. App. 73, 84 and n. 3, 615 S.E.2d 500, 505 (2005). Friend, *The Law of Evidence in Virginia*, § 15-31, at 1073. "Thus, while the lapse of time between the alleged attack and the making of the report is still significant, it is a question of weight rather than one of admissibility." *Id.*

Based on the circumstances as proffered by the Commonwealth, the delay in reporting can be adequately explained by the alleged victim and is consistent with the occurrence of the ongoing abuse, including the indicted offenses. Of course, this analysis assumes that the evidence at trial will be consistent with the Commonwealth's proffer at the October 8, 2015, hearing. The alleged victim was six years old when the alleged abuse by Silver began, a paternal relationship existed between Silver and the alleged victim, the alleged abuse continued over the course of many years, Silver and the alleged victim lived alone during the latter years of the alleged ongoing abuse, Silver allegedly told the alleged victim to keep the relationship secret and threatened her should she fail to comply, and the complaint was made while the alleged abuse was still in progress. With this contextual background, the Court finds that the delay has been adequately

explained and is consistent with the occurrence of the alleged offense. The delay between Silver allegedly taking indecent liberties and the alleged victim's complaint, therefore, will not prevent admission of the complaint into evidence, although it certainly may be considered when weighing the evidence and evaluating the credibility of witnesses at trial. *Terry*, 24 Va. App. at 634-35, 484 S.E.2d at 617-18.

The delay between the alleged victim's report to the guidance counselor in 1979 or 1980 and her recent cooperation with the Commonwealth that led to the indictments currently before the Court, a period that spanned more than three decades, also is a matter to be considered and weighed by the factfinder at trial.

The extent to which the hearsay exception applies to the alleged victim's complaint to her guidance counselor requires clarification. Silver argues on brief that, based on the Commonwealth's proffer at the October 8, 2015, hearing, the complaint "is not related to the acts alleged in the indictments." (Memo. Opp. Mot. *in Limine* 4-5.) The Commonwealth responds in its reply brief that the charges currently before the Court were included in the complaint and asserts — without citation to the transcript — that the proffer at the hearing stated such. (Resp. to Memo. Opp. Mot. *in Limine* 6-7.) The hearing transcript is not clear on this point (see Tr. 15-16, 22-24), but the Court accepts, for purposes of the Motion *in Limine*, the Commonwealth's representation that the complaint includes "the entire and ongoing history of abuse, starting with the acts committed when the victim was six years old and living in Norfolk." (Resp. to Memo. Opp. Mot. *in Limine* 7.)

The recent complaint exception to the hearsay rule provides that "in any *prosecution for criminal sexual assault* . . . the fact that the person injured made complaint of *the offense* recently after commission of the offense is admissible." Va. Code Ann. § 19.2-268.2 (1950 & Supp. 1993) (emphasis added). Because the only "offenses" being prosecuted before the Court are three counts of Silver's allegedly taking indecent liberties with the alleged victim in Norfolk, the recent complaint exception as applied here is confined to the complaint of those offenses and not of Silver's other alleged acts. Although the Court has found that evidence of Silver's alleged subsequent acts of sexual assault is admissible, any reference to these acts by the alleged victim's guidance counselor nevertheless is *not* admissible by the recent complaint exception to the hearsay rule. Further, although *the fact* that the alleged victim made a complaint regarding Silver taking indecent liberties with her in Norfolk is admissible, any testimony by the guidance counselor regarding *the details* of the complaint is inadmissible.

Based on the Commonwealth's proffer, the alleged victim's testimony at trial regarding her complaint to her guidance counselor will not be hearsay and, therefore, will not rely on the recent complaint exception to the hearsay rule, which is designed "for the purpose of *corroborating the testimony*

*of the complaining witness*." Va. Code Ann. § 19.2-268.2 (1950 & Supp. 1993) (emphasis added); Va. R. Evid. 2:803(23) (emphasis added).

Based on the above, the Court finds that the guidance counselor's testimony regarding the alleged victim's complaint in 1979 or 1980 is admissible pursuant to the recent complaint exception to the hearsay rule, but only with respect to the fact that the alleged victim's complaint reported that Silver took indecent liberties with her in Norfolk.

### Conclusion

The Court grants in part and denies in part the Commonwealth's Motion *in Limine*. The Court finds, based on the above analysis, that Silver's alleged subsequent bad acts are admissible for purposes other than to demonstrate the character of Silver or his disposition to commit the indicted offenses, because they are sufficiently probative of the charges of indecent liberties with children. The Court further finds that the guidance counselor's testimony regarding the alleged victim's complaint is admissible pursuant to the recent complaint exception to the hearsay rule, but only with respect to the fact that the alleged victim reported Silver taking indecent liberties with her in Norfolk.